DAVIS *vs.* THE STATE OF GEORGIA.

A warrant was issued by a magistrate on the affidavit of a constable, and was placed in the hands of the latter to execute. He claimed to have deputized a third person to execute it. This third person went to the house of the defendant, and without informing him that he had a warrant for his arrest, or that he had been deputized by the constable, undertook to arrest the defendant; the latter re-

sisted, broke loose and ran around the house followed by the other person, and finally ran into the back door of his house; and upon the other person's attempting to enter with a pistol in his hand, the defendant shot him with a single-barrelled shot-gun loaded with squirrel shot.

*Held* that, in the absence of notice to the defendant that the person pursuing him was an officer or had a warrant for his arrest, a verdict finding him guilty of assault with intent to murder was contrary to law and the evidence, and a new trial should have been granted on motion.

(a) It was improper for the magistrate to place the warrant in the hands of the prosecutor to execute, although the latter was a constable of the district; and it is doubtful whether the constable had the right to deputize or summon another person to assist him in the execution of the warrant.

November 3, 1887.

Criminal Law.   Officers.   Before Judge HINES.   Washington Superior Court.   March Term, 1887.

Reported in the decision.

TWIGGS & VERDERY, for plaintiff in error.

O. H. ROGERS, solicitor-general, by HARRISON & PEEPLES for the State.

SIMMONS, Justice.

Ephraim Davis was indicted by the grand jury of Washington county for the offence of assault with intent to murder.   Upon the trial of the case he was convicted. He made a motion for new trial on two grounds: (1) That the verdict was contrary to law and to the evidence; (2) that the verdict was wholly without evidence to support it. The case was tried by Judge Carswell, and the motion for new trial was heard and refused by Judge Hines, the present judge of the Middle circuit.

It appears, from the evidence in the case, that a warrant had been sued out against the defendant by one Crafton, a constable of the district in which he and the defendant

lived. This warrant was issued by the magistrate upon Crafton's affidavit, and placed in the hands of Crafton to execute. Crafton claimed to have deputized one Tompkins to execute the same. Tompkins went to the house of the defendant, and without informing him that he had a warrant for his arrest, or that he had been deputized by the constable, undertook to arrest the defendant, and the defendant resisted and broke loose from Tompkins, running around his house, Tompkins following him; and he finally ran into the back door of his house, and upon Tompkins attempting to enter with a pistol in his hand, the defendant shot him with a single-barrelled shot-gun, loaded with squirrel-shot.

Under this statement of facts, we think the court erred in refusing a new trial in this case. If Tompkins was an officer of the law, he should have informed the defendant of the fact, and of the additional fact that he had a warrant for his arrest. " The officer must at the time be engaged in executing his duties, and the defendant must be notified thereof; and unless there be notification or knowledge to this effect, the killing of the officer in resisting the arrest will not be murder. Thus, where a bailiff pushed abruptly and violently into a gentleman's chamber early in the morning, in order to arrest him, but not telling his business or using words of arrest; and the party, not knowing that the other was an officer, in the first surprise snatched down a sword which hung in his room and killed the bailiff, this was ruled to be only manslaughter." 1 Wharton's Crim. Law, §648. There was no notice given the defendant by Tompkins that he was an officer, or that he had a warrant for his arrest. It is claimed by the State that he was acting as the *posse* of the constable. If he was, we think that the constable should have accompanied him, or at least that he should have informed the defendant that he was acting under the authority of the constable. We doubt, however, under the facts in this case, whether Crafton, the constable, had the right to deputize

Tompkins, or summon him as a *posse* to assist him in the execution of the warrant. Crafton was the prosecutor in the case, and we think it was improper, at least, for the magistrate to give the prosecutor the warrant to execute, even though he was a constable of the district.

But we put the case on the ground that Tompkins, not having informed the defendant that he was an officer and that he had a warrant for his arrest, and the defendant having gone into his house, and Tompkins endeavoring to enter the house with a pistol in his hand for the purpose of completing the arrest, and the defendant not knowing that he was an officer, he had a right to resist such arrest; and if Tompkins had died from the wounds inflicted by the defendant, under the facts as disclosed by this record, it would not have been murder; and therefore he ought not to have been convicted of an assault with intent to murder. 2 Bishop's Crim. Law, 653.

Judgment reversed.