## 12185, 12186. HARRISON *v.* THE STATE.

Forcible resistance is implied by the words "obstruct, resist, or oppose,"
as used in section 311 of the Penal Code (1910), in regard to interference
with an officer serving or attempting to serve or execute lawful
process; and there is no merit in a ground of the motion for a new trial
that the court erred in not giving to the jury a charge, not requested,
"as to the nature and extent of the resistance, opposition, or obstruction
necessary in order to make the defendant guilty" under this section,
where the judge in his charge read the section and instructed the jury
that in order to find the defendant guilty they must believe that he com-
mitted the offense as charged in the accusation.

The absence of additional allegations as to the use of force was not a fatal
defect in an accusation charging that the defendant did "knowingly
and wilfully obstruct, resist, and oppose" a named deputy sheriff in
attempting to execute a certain attachment, "by opposing the officer
aforesaid in taking possession of" certain personal property for the
purpose of levy thereunder.

The evidence authorized the verdict; there is no merit in the special
grounds of the motion for a new trial; and the court did not err in
overruling the motion to set aside the verdict and judgment.

     DECIDED APRIL 13, 1921.

Accusation of misdemeanor; from city court of Dublin — Judge
Sturgis. January 8, 1921.

*W. A. Dampier, Charles S. Loden,* for plaintiff in error.

*William Brunson, solicitor,* contra.

BROYLES, C. J. This case comes to this court upon two separate
bills of exceptions, the first assigning error upon the judgment
overruling the motion for a new trial, and the second assigning
error upon the judgment overruling the motion to set aside the
verdict and judgment. While the bills of exceptions complain of
different judgments, both writs of error grow out of the same accu-
sation and the same conviction, and will therefore be dealt with
together.

1. The evidence was amply sufficient to authorize the verdict
finding the defendant guilty.

2. In the absence of a timely written request for more specific instructions, the court did not err in failing to charge the jury " as to the nature and extent of the resistance, opposition, or obstruction necessary in order to make the defendant guilty of a crime under the law of ' obstructing legal process.' " The words " obstruct, resist, or oppose," as used in the Penal Code (1910), § 311, and as set out in the accusation in the instant case, imply forcible resistance (*Moses* v. *State,* 6 *Ga. App.* 251(2), 64 S. E. 699) ; and the court not only read to the jury the section which the defendant was accused of violating, but specifically instructed them that they must, in order to find the defendant guilty, believe that he committed the offense as charged in the accusation.

The only other ground of the amendment to the motion for a new trial is that the defendant " should be granted a new trial for the reason that the accusation preferred against him, purporting to charge him with a crime under the laws of the State of Georgia, does not in fact charge the defendant with any crime whatever, in that it does not allege that defendant used any force whatever in the opposition, resistance, or obstruction, charged in said accusation; that is, the defendant is not charged with ' forcibly ' resisting, opposing, or obstructing an officer, or legal process." Under repeated rulings of the Supreme Court and of this court, the sufficiency of an indictment or accusation cannot be brought in question by a ground of a motion for a new trial. *Rucker* v. *State,* 114 *Ga.* 13(1) (39 S. E. 902) ; *Womble* v. *State,* 107 *Ga.* 666(1) (33 S. E. 630) ; *Foss* v. *State,* 15 *Ga. App.* 478(1) (83 S. E. 880), and cases cited.

There was therefore no error in overruling the motion for a new trial.

3. The motion to set aside the verdict and judgment was likewise properly denied. The accusation charged the accused with obstructing legal process, for that he did, on a named day, " knowingly and wilfully obstruct, resist, and oppose A. B. Sapp, deputy sheriff of the city court of Dublin, in serving and attempting to serve and execute an attachment for purchase-money in favor of the Singer Sewing Machine Company, Incorporated, against H. C. Harrison, returnable to the city court of Dublin, a lawful process returnable to said court, by opposing the officer aforesaid in taking possession of a sewing machine described in said attachment, for the purpose of levy thereunder, contrary to the laws of said State," etc. The

motion to set aside the judgment is as follows: " Because the accusation under which he was tried and convicted in the city court of Dublin, at said December quarterly term, is fatally defective, and fails to charge the defendant with any crime whatever, in that it fails to allege that the resistance, opposition, or obstruction made or done by the defendant was forcible. Because there is no allegation of forcible resistance, or forcible opposition, or of forcible obstruction on the part of said defendant, and there are no facts alleged in said accusation against this defendant that in any way directly or indirectly charge defendant with the use of any force whatever in the resistance, obstruction, or opposition made against the officer alleged to have been resisted, opposed, or obstructed in serving or attempting to serve and execute the process in question."

It will be observed that the accusation in the instant case not only contained the words " obstruct, resist, or oppose," which words imply force (*Moses* v. *State,* supra), but was more specific in charging the offense than is the code (Penal Code of 1910, § 311) in defining it; and section 954 of the Penal Code declares that an indictment shall be deemed sufficiently technical and correct when it states the offense in the terms and language of the code, or so plainly that the nature of the offense charged may be easily understood by the jury.

It follows that both judgments of the trial court must be and are

*Affirmed. Luke and Bloodworth, JJ., concur.*