## 42183. DYE v. THE STATE.

NICHOLS, Presiding Judge. 1. A search warrant issued by a justice of the peace is a "lawful process or order" as described in Code § 26-4401.

(a) There is no statutory restriction prohibiting a justice of the peace from issuing a search warrant requiring the search of premises within the county but outside his district (see 79 CJS 855, Searches and Seizures, § 72b), and in the absence of such a restriction a search warrant may be issued by a justice of the peace for the search of any premises within the county wherein his district lies.

(b) An indictment charging a defendant with obstructing legal process which includes every element contained in Code § 26-4401 is not subject to demurrer. See Harrison v. State, 26 Ga. App. 645 (107 SE 90); Code § 27-701.

2. The courts will take judicial notice of who are the justices of the peace in a given county (see Abrams v. State, 121 Ga. 170 (48 SE 965)), and therefore there was no variance in the evidence because the indictment alleged the search warrant was issued by "Lamar Brown, a Justice of the Peace" and the warrant introduced in evidence was signed "Lamar Brown a judicial officer."

3. While the Supreme Court in Davis v. State, 79 Ga. 767 (4 SE 318), criticized the practice of permitting an officer, who is the prosecutor in a criminal case, to execute an arrest warrant issued upon his affidavit, and in McCray v. State, 134 Ga. 416, 426 (68 SE 62), expressly held that: "One whose name appears upon a warrant as prosecutor, or who, though not named as such in the warrant, is to all intents and purposes a prosecutor in the case in which the warrant is issued, is not a proper person to execute the warrant," yet where, as in the present case, the prosecutor who obtained a search warrant was only one of a group of officers seeking to execute such warrant and the warrant was in the possession of another

officer in such group who attempted to serve such warrant upon the defendant before, during and after the defendant attacked the prosecutor who sought such warrant, the actions of the defendant were in violation of *Code* § 26-4401.

(a) Where as in the present case the evidence is in sharp conflict, but that presented by the State authorizes a finding that the defendant knew the officers who were in uniform and knew of the search warrant at the time he attacked one of the officers in the group it cannot be said that the verdict finding that the defendant had knowingly and wilfully obstructed an officer seeking to aid in the execution of the warrant was not authorized by the evidence.

4. The misspelling of the word "perjury" by the court reporter as "purgery" when transcribing the court's charge is not cause for a new trial, and prior to the approval of the Appellate Practice Act of 1965 (Ga. L. 1965, p. 18), when a motion for new trial was required to be filed the trial court would have properly corrected this misspelled word in the charge before such question reached this court. See *Fairburn & A. R. & E. Co. v. Hale,* 32 Ga. App. 412 (123 SE 724).

(a) A charge relating to the duty of the jury to reconcile conflicts in the testimony so as to impute perjury to no one which states that "the law puts upon" you (the jury) this duty rather than "it is your duty" is not error.

5. There was evidence to authorize the excerpts from the charge complained of in the fifth and sixth enumerations of error and the trial court did not express an opinion as contended in the sixth enumeration of error.

*Judgment affirmed. Hall and Deen, JJ., concur.*

ARGUED JULY 6, 1966—DECIDED SEPTEMBER 6, 1966—REHEARING DENIED SEPTEMBER 19, 1966.

*Rowland & Rowland, Casey Thigpen,* for appellant.
*Walter C. McMillan, Jr., Solicitor General,* for appellee.