46137.   PRUITT v. THE STATE.

ARGUED APRIL 7, 1971—DECIDED APRIL 16, 1971.

*Byrd, Groover & Buford, Denmark Groover, Jr.,* for appellant.

*Jack J. Gautier, District Attorney, Whitney T. Evans, Jr., Fred M. Hasty, Richard Joneal Lee,* for appellee.

EVANS, Judge. In this case the defendant attacked a search warrant and moved to suppress the evidence obtained thereunder because the warrant was issued by a superior court judge in one county of his circuit for execution in another county thereof. The case went to the Supreme Court of Georgia where, on December 3, 1970, a judgment was rendered, one Justice dissenting, reversing the trial court and holding the judge to have been without jurisdiction, and holding that the motion to suppress the evidence obtained through execution of the search warrant should have been sustained.

But this judgment was subsequently withdrawn by the Supreme Court, and the case was transferred to the Court of Appeals as being within the jurisdiction of this court, rather than of the Supreme Court.

Subsequently, legislation was introduced (H. B. 56), was enacted in the General Assembly at the January session, 1971, and signed

into law by the Governor which, in effect, enlarges the jurisdiction of judges of superior courts, and provides, inter alia, that judges of the superior courts "may sign any document connected with the official duties of his office in any county comprising a part of his circuit, including all writs, orders, judgments and warrants required to be signed by any such judge. Said document may be signed by the judge in any county within his circuit in which he is present at the time said document is signed."

We are not unmindful that *Hill v. Willis,* 224 Ga. 263, 265 (161 SE2d 281) requires the reviewing court to consider the law as of the date of such review, rather than what the law was on the date of the trial in the lower court. Also see *City of Valdosta v. Singleton,* 197 Ga. 194, 208 (28 SE2d 759), and cases cited therein.

But here there are two good reasons why the enactment of the statute above referred to is ineffectual to change the status of this case. First, the judgment of a court having no jurisdiction of the person or subject matter is a nullity. See *Code* § 110-709; *Hawes v. Bigbie,* 120 Ga. App. 294 (170 SE2d 302); *Undercofler v. Ernhardt,* 111 Ga. App. 598 (142 SE2d 317); *Edwards v. Lampkin,* 112 Ga. App. 128 (144 SE2d 119), affirmed in 221 Ga. 486 (145 SE2d 518).

Here the warrant was a nullity and absolutely void for want of jurisdiction. There is a great difference between a void judgment and a voidable judgment. See *Chapman v. Taliaferro,* 1 Ga. App. 235, 237 (58 SE 128); *Prescott v. Bennett,* 50 Ga. 266, 271. A voidable judgment is defective but its wounds are not so critical but that proper surgery may patch it up and effect a recovery. But a void judgment is absolutely lifeless, and neither the General Assembly nor the courts can breathe the breath of life into it.

Next, the recent statute of 1971 above referred to makes no provision as to when it shall become effective, and under another general statute, its effectiveness is delayed until July 1, 1971. See *Code Ann.* § 102-111; (Ga. L. 1968, p. 1364; 1969, p. 7).

We adopt and subscribe fully to the judgment originally rendered by the Supreme Court of Georgia and subsequently withdrawn, from which we quote, in pertinent part, as follows: "We have concluded that only the first of the grounds of . . . [the] . . . motion need be dealt with. In essence, it stated as follows: that the search warrant pursuant to which the evidence in question

was obtained from the premises was illegal and void in that, (a) it was issued by Judge Hal Bell in Macon, Bibb County, Georgia, to be executed in Houston County, Georgia, and that this judge was not a 'judicial officer authorized to hold a court of inquiry' within the meaning of Ga. L. 1966, pp. 567, 568 (*Code Ann.* § 27-303) when acting in Bibb County, Georgia, with respect to an alleged violation in Houston County, Georgia; and that (b) this judge's action in issuing the warrant in Bibb County to be executed in Houston County was violative of *Code* § 24-2609, was a mere nullity, and thus the warrant was a mere nullity.

"This motion manifestly raises the question whether a superior court judge, while sitting in one county of his judicial circuit, is authorized to issue a search warrant for execution in another county of that circuit.

"We take judicial notice that the Honorable Hal Bell was then and is now one of the Superior Court Judges of the Macon Judicial Circuit, which embraces Bibb, Houston and two other counties.

"Our Georgia Constitution, Art. I, Sec. I, Par. XVI, declares that 'The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated; and no warrant shall issue except upon probable cause, supported by oath, or affirmation, particularly describing the place or places, to be searched, and the persons or things to be seized.' (*Code Ann.* § 2-116). The Fourth Amendment to the United States Constitution contains these same provisions, with inconsequential variations.

"This constitutional guaranty does not specify who has the authority or jurisdiction to issue a search warrant. Likewise, there was nothing in our state statutes as to this feature until the enactment of Ga. L. 1966, p. 567, et seq. (*Code Ann.* § 27-301, et seq.), which was approved March 16, 1966.

"This 1966 statute provides that 'any judicial officer authorized to hold a *court of inquiry* to examine into an arrest of an offender against the penal laws . . .' may issue a search warrant. Ga. L. 1966, pp. 567, 568 (*Code Ann.* § 27-303), supra. (Emphasis supplied).

"In this connection, *Code* § 27-401 provides in material part that 'any judge of the superior court or county court, or justice of the

peace, or city or town officer, who may be ex-officio justice of the peace, may hold a court of inquiry to examine into an accusation against a person legally arrested and brought before him.'

"So, the issue turns upon whether this judge, when he acted here, was a judicial officer authorized to hold a court of inquiry, in contemplation of the foregoing statute, so as to issue the search warrant under attack here.

"We have concluded that he was not, for lack of jurisdiction.

"No statute has been called to our attention, and we have found none, which gives the superior court authority to issue a search warrant in Bibb County for execution in Houston County.

"On the contrary, the statutes which bear at all upon the question strongly indicate lack of jurisdiction to do so.

"While the 1966 Act under consideration does not specify, it does identify by incorporating by reference to *Code* § 27-401 those persons empowered to hold a court of inquiry for the purpose of issuing a criminal warrant. It is significant, we believe, that in this respect the latter Code section designates 'any judge of the superior court,' rather than 'any superior court judge,' or 'any of the superior courts,' or language of like import. The General Assembly in enacting this 1966 legislation could have specified that judges of other superior courts located throughout this state were authorized to issue such warrants, but it chose not to do so. We cannot agree that the language 'the superior court' of *Code* § 27-401, supra, lacks significance here because the commitment hearing for a crime may be conducted before a judge in whatever county the offense was committed, as urged by the appellees. In the instant case it cannot be said that Judge Bell, while then sitting in Bibb County, could have conducted a court of inquiry for an offense committed in Houston County.

"Furthermore, there is ample support for the proposition that the judge of the superior court of a county can exercise the authority of that court only in that county, in the absence of statutory authority to the contrary. *Code* § 24-2609 provides that superior courts of each circuit must be held 'at the county site and courthouse (if any) of each county, or other place therein designated by law, not less than twice each year, at such times as are prescribed by the General Assembly.' *Code* § 24-3003 restricts the

session or sitting of any superior court to the county site of that county when it is impracticable to do so at the courthouse or other place provided by law. See also, *Code* § 24-3004 as to violating such acts. We find no exception insofar as the issuance of search warrants is concerned.

"In the case at bar it is clear that this superior court judge, while in Bibb County, performed a judicial function. Pursuant to the 1966 Act, supra, he made a determination that the facts were sufficient to show probable cause that contraband property was concealed at a stated place in Houston County (*Johnson v. State*, 111 Ga. App. 298, 301-302 (141 SE2d 574)), yet the Superior Court of Houston County is located in Houston County and is held there only.

"Both this court and the Court of Appeals have repeatedly held that 'orders passed in one county in matters over which the superior court of another county has jurisdiction are mere nullities.' *Goodman v. Little*, 96 Ga. App. 110 (99 SE2d 517) and citations.

"The appellee relies upon *Dye v. State*, 114 Ga. App. 299 (151 SE2d 164), rendered by the Court of Appeals soon after the effective date of the 1966 Act, supra, in which it held that 'There is no statutory restriction prohibiting a justice of the peace from issuing a search warrant requiring the search of premises within the county but outside his district . . . and in the absence of such a restriction a search warrant may be issued by a justice of the peace for the search of any premises within the county where his district lies.' That case does not require a different conclusion. Here we are dealing with a statute relating to a superior court judge's jurisdiction. In our view, hereinbefore expressed, the 1966 Act restricts a superior court judge from issuing a search warrant in one county for execution in another county of his circuit.

"We are not unmindful of that portion of the 1966 Act, supra, which provides that all warrants shall '. . . be the warrants of the judicial officer issuing the same and *not* the warrants of the court in which he is then sitting . . .' Ga. L. 1966, pp. 567, 569 (*Code Ann.* § 27-304). However, this portion when read in context with the entire provision shows that its purpose is to eliminate filing of the document as a condition to its validity, especially since the warrant may or may not be executed.

"Nor have we failed to give attention to that provision of the 1966 Act, supra, which recites that 'no warrant shall be quashed nor evidence suppressed because of technical irregularity not affecting the substantial rights of the accused,' Ga. L. 1966, pp. 567, 571 (*Code Ann.* § 27-312). Whether to require or suppress evidence in a given situation is a responsibility of the judicial, not the legislative, branch of our government under the Constitution. Lack of jurisdiction to issue the warrant is not a mere technicality, but results in a nullity. See generally, 79 CJS 852, Searches and Seizures, § 72.

"The rule is that 'Proceedings for the issuance of search warrants are to be strictly construed, and every constitutional and statutory requirement must be fully met, including all formalities required by statute, before a valid search warrant may issue. Moreover, a statute prescribing the method of issuing search warrants must be read and construed in the light of, and conform in all essential respects to, the provisions of the constitution granting immunity from unreasonable searches and seizures.' 79 CJS 852, Searches and Seizures, § 71.

"It should be borne in mind that here we are dealing with a valuable guaranty, a part of the Bill of Rights, the subject matter of the Fourth Amendment to our national Constitution, and embodied in the Georgia Constitution. We, who have this right, must carefully guard it against infringement.

"For the reasons hereinbefore stated, the overruling of the motion to suppress was error, and this rendered nugatory the subsequent proceedings."

We therefore reverse the trial court.

*Judgment reversed. Jordan, P. J., and Quillian, J., concur.*