## 48247. ALLISON v. THE STATE.

EVANS, Judge. The defendant was indicted, tried and convicted of the crime of criminal attempt to commit robbery by force. During the alleged crime he was allegedly shot in the back by the owner of the grocery store he was attempting to rob. Subsequently thereto the defendant was found in a local hospital where he sought treatment of a gunshot wound in his back.

A search warrant was issued to search his automobile where a shirt

was found with a bullet hole and blood spots on the back and blood stains in the car. The other search warrant was to surgically remove a bullet superficially lodged in defendant's right side just beneath the skin. Motions to suppress the evidence were denied. After conviction, a motion for new trial, as amended, was denied, and defendant appeals. *Held:*

1. There was uncontradicted evidence here by the medical doctor that the bullet lodged under defendant's skin might be surgically removed without damage to life or limb. Consequently, this case is controlled adversely to the contentions of the defendant by the recent case of *Creamer v. State,* 229 Ga. 511 (192 SE2d 350).

2. The constitutional attacks made in this case are the same as those made in *Creamer v. State,* supra. We are bound by this decision by the Georgia Supreme Court and must follow same. If the writer were not bound, I would reverse, as I believe the constitutional and legal guaranties of this State to the person are much more comprehensive than those of our Federal Constitution. The writer would be inclined to follow the dissent in Division 3 of the *Creamer* case, pp. 522-526, if free to do so. Application for certiorari was made to the United States Supreme Court in the *Creamer* case but same was withdrawn before a decision was rendered by that court.

The writer also believes that the Georgia Supreme Court misinterpreted Schmerber v. California, 384 U. S. 757 (86 SC 1826, 16 LE2d 908) in the *Creamer* opinion wherein the extraction of a minute quantity of a person's blood was considered a minor intrusion into an individual's body. From reading Justice Brennan's opinion in Schmerber it is very doubtful that the Supreme Court would extend that case further, for a surgical knife is considerable more intrusion into the human body than a mere needle inserted for blood testing. For all the constitutional attacks raised—unreasonable search and seizure by cutting into the defendant's body to remove evidence (4th Amendment; Code § 1-804); compelling defendant's body to be a witness against himself (5th Amendment; Code § 1-805); the violation of the defendant's right of privacy (9th Amendment; Code § 1-809); the violation of due process and equal protection of the law (14th Amendment; Code § 1-815); this writer, I repeat, if free to do so, would reverse. But, I am bound by *Creamer,* and the denial of the motion to suppress the bullet removed from defendant's body through surgery was not error.

3. Notwithstanding the effect of *Pruitt v. State,* 123 Ga. App. 659

(182 SE2d 142), since that decision was written, the General Assembly has authorized judges of superior courts to execute any documents connected with their official duties in any county comprising a part of their judicial circuit. See Ga. L. 1971, pp. 363, 364; Code Ann. § 24-2630. Therefore, a judicial officer who is authorized to hold a court of inquiry under Code § 27-401 and to issue a search warrant under Code Ann. § 27-314 (Ga. L. 1966, pp. 567, 572) would, under the aforesaid recent statute, be authorized to do so in any county of his circuit. The search warrant in the case sub judice was not void as it was executed by the judge of the Macon Circuit in Bibb County for execution in Peach County. This court takes judicial notice that both Peach and Bibb Counties are in the Macon Judicial Circuit.

4. Where the court had just previously charged that "a person commits robbery when with intent to commit theft, *he takes property of another from the person or the immediate presence of another by the use of force,"* and then adds the taking of property must be the "unlawful and intentional taking of property from the person of another . . . with the intent to commit a theft," it was not error to fail to use the words after property *"of another."* (Emphasis supplied.) While the better practice would be to use the words "taking of property of another from the person of another," nevertheless the charge here was not misleading or confusing to the jury and was not harmful error.

5. The indictment states that the defendant "with intent to commit theft, did attempt to take from the person of Howard Posey, owner of Howard's Grocery, by use of force . . . money and goods of value, property of Howard's Grocery," This amply covers the substance of Code Ann. § 26-1901, and there is no merit in the complaint that the lower court erred in refusing to dismiss the indictment; for Posey, as the owner of Howard's Grocery, is the owner of the property of Howard's Grocery.

6. The evidence was sufficient to support the verdict of guilty, and the general grounds do not show error. The judgment is affirmed.

*Judgment affirmed. Clark, J., concurs. Hall, P. J., concurs in the judgment only.*

Submitted May 30, 1973 — Decided June 25, 1973 — Rehearing denied July 12, 1973 —

*Charles R. Adams, Jr.,* for appellant.

*Fred M. Hasty, District Attorney, Stephen Pace, Jr.,* for appellee.