*Clayton Jones, Jr.,* for appellees.

61304. VARNER et al. v. THE STATE.

SHULMAN, Presiding Judge.

Having been arrested and charged with several drug possession offenses, appellants filed a motion to suppress the evidence. A hearing was held to consider one ground of that motion, the authority of the justice of the peace who issued the search warrant to exercise such jurisdiction. It was stipulated at trial that the warrant was issued by a justice of the peace sitting within the corporate limits of the City of Marietta. Appellants contend that the Act which established the Civil and Criminal Court of Cobb County (now State Court of Cobb County) not only abolished the office of justice of the peace for the district which included Marietta, but forbade the exercise of the powers of any justice of the peace within the city. Accordingly, appellants argue, the warrant in this case was a nullity. We agree.

Section 28 of the Act by which the Civil and Criminal Court of Cobb County was created in 1964 reads in pertinent part as follows: "Pursuant to and in compliance with Article VI, Section VII, Paragraph I of the Constitution of 1945, from and after January 1, 1965, the office of the justice of the peace of the 898th Georgia Militia District and notary public, ex officio justice of the peace and the office of constable of said district, being also known as the Marietta justice of the peace district, is hereby abolished and *no justice of the peace* or notary public ex officio justice of the peace *shall have or exercise any jurisdiction, civil or criminal,* except as may be provided in this Act, *within the corporate limits of the City of Marietta, Georgia."* (Emphasis supplied.) Ga. L. 1964, pp. 3211, 3222.

The meaning of the section quoted above is clear and unmistakable: no justice of the peace shall exercise any jurisdiction within the corporate limits of the City of Marietta. In this case, the justice of the peace was within the corporate limits of Marietta when the warrant was issued. That confluence of fact and law brings this case within the principle behind this court's decision in *Pruitt v. State,* 123 Ga. App. 659 (182 SE2d 142). There, a warrant issued by a superior court judge, while sitting in a county other than the one in which the premises to be searched were located, was held to be void for lack of jurisdiction. The lack of jurisdiction which required the reversal in *Pruitt* was remedied by the enactment of Ga. L. 1971, pp. 363, 364 (Code Ann. § 24-2630), which authorizes a superior court

judge to sign documents, including warrants, in any county which is part of his judicial circuit.

The state argues that the lack of jurisdiction in this case was likewise remedied by the legislature. That argument is based on Ga. L. 1974, p. 2212, which established the office of magistrate in the State Court of Cobb County. The particular provision on which appellee relies is found in Section 2 of the Act: "The office of magistrate shall be to all intents and purposes a justice of the peace so far as to enable him to issue . . . search warrants . . ." The obvious purpose of the reference in the Act to justices of the peace was to define the powers of the newly created office of magistrate. Nothing in the Act lends itself to the interpretation the state would place on it, that it repeals by implication the 1964 Act. If the warrant in this case had been issued by the magistrate of the State Court of Cobb County, there would be no question as to jurisdiction. Since the stipulation of facts here establishes that the warrant was issued by a justice of the peace and makes no mention of the magistrate, the 1974 Act is inapplicable and the warrant is void.

We have not " 'failed to give attention to that provision . . . which recites that "no warrant shall be quashed nor evidence suppressed because of technical irregularity not affecting the substantial rights of the accused," Ga. L. 1966, pp. 567, 571 (Code Ann. § 27-312). Whether to require or suppress evidence in a given situation is a responsibility of the judicial, not the legislative, branch of our government under the Constitution. Lack of jurisdiction to issue the warrant is not a mere technicality, but results in a nullity. [Cit.]

" 'The rule is that "Proceedings for the issuance of search warrants are to be strictly construed, and every constitutional and statutory requirement must be fully met, including all formalities required by statute, before a valid search warrant may issue. Moreover, a statute prescribing the method of issuing search warrants must be read and construed in the light of, and conform in all essential respects to, the provisions of the constitution granting immunity from unreasonable searches and seizures." [Cit.]

" 'It should be borne in mind that here we are dealing with a valuable guaranty, a part of the Bill of Rights, the subject matter of the Fourth Amendment to our national Constitution and embodied in the Georgia Constitution. We, who have this right, must carefully guard it against infringement.' " *Pruitt,* supra, p. 664.

Because the proceeding which produced the warrant in this case was in contravention of statutory jurisdictional mandates, the warrant was void. The denial of appellants' motion to suppress was error.

*Judgment reversed. Birdsong and Sognier, JJ., concur.*

DECIDED APRIL 8, 1981 —
REHEARING DENIED MAY 5, 1981 

*Alan C. Manheim,* for appellants.
*Thomas J. Charron, District Attorney, James T. Martin, Assistant District Attorney,* for appellee.