## 37699. THE STATE v. VARNER et al.

CLARKE, Justice.

A special act of the legislature abolished the office of justice of the peace in the Marietta militia district of Cobb County, Georgia, and provided that no justice of the peace or notary public ex officio justice of the peace shall have or exercise any jurisdiction within the corporate limits of the City of Marietta, Georgia. Ga. L. 1964; pp. 3211, 3222. While physically present within the corporate limits of the City of Marietta, a JP from another district in Cobb County issued a search warrant to be executed in a Cobb County location outside of the City of Marietta and the Marietta militia district.

This poses the question of whether evidence obtained as a result of the search purportedly authorized by this warrant should have been suppressed. The defendants, appellees here, argue that the trial court erred in failing to suppress the evidence. The Court of Appeals reversed the trial court holding the warrant to be void. *Varner v. State,* 158 Ga. App. 458 (280 SE2d 841) (1981). We granted certiorari, and now we reverse.

A search warrant may be issued by ". . . any judicial officer authorized to hold a court of inquiry to examine into an arrest of an offender against the penal laws. . . ." Code Ann. § 27-303. Justices of the peace are authorized to hold courts of inquiry (Code Ann. § 27-401), and it has been held that justices of the peace are vested with county-wide jurisdiction in issuing search warrants. *Dye v. State,* 114 Ga. App. 299 (151 SE2d 164) (1966).

The question here is whether the legislative restriction upon the authority of Cobb County justices of the peace to exercise jurisdiction in the City of Marietta causes the warrant involved in this case to be outside the rules referred to in the preceding paragraph. The defendant contends this to be the case and the Court of Appeals agreed, relying primarily upon *Pruitt v. State,* 123 Ga. App. 659 (182 SE2d 142) (1971). It was held in *Pruitt* that a superior court judge was not authorized to issue a search warrant to be executed in a county of his circuit while he was sitting in another county.[1] There are several reasons for holding that *Pruitt* does not apply in this case. First and most importantly, *Pruitt* simply held that a superior court judge is not a judicial officer authorized to hold a court of inquiry in one

---

[1] The statutory basis for the holding in *Pruitt* no longer exists as to superior court judges because of the enactment of Code Ann. § 24-2630 (Ga. L. 1971, pp. 363, 364) which provides that a judge of a superior court may sign any document connected with official duties of his office in any county comprising a part of his circuit. *Allison v. State,* 129 Ga. App. 364 (199 SE2d 587) (1973).

county in his circuit while he is sitting in another county. In other words the court was merely holding that a superior court judge could not hold court in two counties at the same time. This reasoning is not applicable in the case before us. Secondly, the *Pruitt* holding was based upon the lack of jurisdiction of the judge in the county in which the warrant was to be executed. Here there is no question as to the jurisdiction of the justice of the peace in the district in which the warrant was to be executed.

The holding of the Court of Appeals in *Dye v. State,* supra, is more nearly applicable here. Even though a Cobb County justice of the peace could not under the local act issue documents affecting the area encompassed by the City of Marietta, the City of Marietta is still a part of Cobb County and the physical presence of a justice of the peace in that city does not preclude him from issuing documents to be effective in other portions of the county. Code Ann. § 27-304 provides that all warrants shall be the warrants of the judicial officer issuing the same and not the warrants of the court in which he is sitting. This code section was interpreted in *Pruitt* as merely eliminating the requirement of filing a warrant as a condition of its validity. *Pruitt v. State,* supra at 663. We interpret this section (when considered with Code Ann. §§ 27-401 and 27-303) to mean that the authority of a judicial officer to issue a search warrant to be executed within the area of his jurisdiction does not vanish when the officer physically steps into a restricted area within the county in which he serves.

*Judgment reversed. All the Justices concur, except Smith, J., who dissents. Weltner, J., not participating.*

DECIDED OCTOBER 21, 1981.

*Thomas J. Charron, District Attorney, James T. Martin, Assistant District Attorney,* for appellant.
*Alan C. Manheim,* for appellees.