A92A2091. CAMPBELL v. THE STATE.
(428 SE2d 111)

COOPER, Judge.

Appellant was convicted of trafficking in cocaine. On appeal, he challenges the denial of his motion to suppress.

Evidence presented at the hearing on the motion to suppress shows that Officer Robinson obtained a warrant to search appellant's motel room based on information from a confidential informant that

the informant had seen appellant selling cocaine in the room. Officers executed the search warrant and arrested appellant, finding two briefcases containing cocaine, marijuana, and cash. Officer Robinson testified that he paid the informant out of an official fund established for this purpose, but the squad chief responsible for records regarding paid confidential informants testified that there was no record of any confidential informant being paid in connection with this case.

1. Appellant first argues that the unexplained discrepancy between the testimony of Officer Robinson and that of the squad chief regarding payment of the confidential informant raises substantial doubts about whether the confidential informant actually existed and, if so, whether he actually told Officer Robinson that he had seen appellant sell drugs in the motel room. Thus, appellant contends, a substantial showing of a material misrepresentation in the affidavit supporting the warrant was made, so the trial court should have required the State to produce the confidential informant for at least an in camera hearing. " '(W)here the defendant makes a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and if the allegedly false statement is necessary to the finding of probable cause, the Fourth Amendment requires that a hearing be held at the defendant's request. (*Franks v. Delaware*, 438 U. S. 154, 155-156 (98 SC 2674, 57 LE2d 667)) [(1978)].' [Cit.]" *English v. State*, 202 Ga. App. 751, 758 (11) (415 SE2d 659) (1992). In this case, we cannot conclude that the discrepancy in the testimony of the State's witnesses regarding whether or not the informant was paid rises to the level of a substantial showing that Officer Robinson lied about the existence of the informant or what he said, particularly in light of the squad chief's additional testimony that Officer Robinson did tell him who the informant was. Moreover, contrary to appellant's assertion, even a substantial showing of a material falsehood in the affidavit would not necessarily lead to identification or production of the confidential informant, but would instead lead to a balancing of the competing interests of the parties under the specific circumstances of the case as set forth in *Roviaro v. United States*, 353 U. S. 53 (77 SC 623, 1 LE2d 639) (1956). See *State v. Mason*, 181 Ga. App. 806 (2, 3) (353 SE2d 915) (1987). Accordingly, the trial court did not err in rejecting appellant's *Franks*-based argument.

2. Appellant also contends the search warrant was void because the judicial officer who signed the warrant was without authority to do so. A Municipal Court Judge for the City of College Park signed the warrant at her home in Fulton County. Part of the city is in Fulton County and part is in Clayton, and the motel where the warrant was executed is located in the part of the City in Clayton County. A judge of a municipal court has authority to issue search

warrants. OCGA §§ 17-5-21 (a); 17-7-20; 36-32-3. Nonetheless, appellant argues this statutory authority must be viewed in light of *Pruitt v. State*, 123 Ga. App. 659 (182 SE2d 142) (1971), in which this court held that a superior court judge sitting in one county of a multi-county judicial circuit was not authorized to issue a search warrant for execution in another county of his circuit. Based on *Pruitt*, appellant asserts that a judge whose courtroom is in Fulton County and who signs the warrant at her home in Fulton County is not authorized to issue a search warrant for execution in Clayton County. However, *Pruitt* was legislatively disapproved and overruled by OCGA § 15-6-23. See *Allison v. State*, 129 Ga. App. 364 (3) (199 SE2d 587) (1973). Appellant argues that OCGA § 15-6-23 is limited to superior court judges in multi-circuit judicial districts; but so is the holding of *Pruitt*. We see no legislative mandate that the authority of a municipal court judge stop at the county line where the municipality crosses that line and therefore affirm the trial court's holding that the municipal court judge's authority extended to the limits of the municipality. Accordingly, appellant's contention that the judge was without authority to issue the search warrant in this case is without merit.

*Judgment affirmed. McMurray, P. J., and Blackburn, J., concur.*

DECIDED FEBRUARY 16, 1993.

*John A. Beall IV*, for appellant.

*Robert E. Keller, District Attorney, Albert B. Collier, Assistant District Attorney*, for appellee.