A92A2056. SMITH et al. v. THE STATE.
(428 SE2d 403)

ANDREWS, Judge.

Appellants, husband and wife George and Merylin Smith, were convicted of violating the Georgia Controlled Substances Act. George Smith was also convicted of one count of possession of a firearm during the commission of a felony.

1. In their first enumeration of error, the Smiths claim that the trial court erred in "admitting into evidence the search warrant" because the affiant police officer failed to establish the reliability of the confidential informant and because the affiant arresting officer did not attach a photocopy of the "buy money" to such warrant.

The search warrant for the persons and premises of appellants was issued on June 25, 1991 after a hearing before a magistrate. At the hearing on the Smiths' motion to suppress, narcotics agent Winkler testified regarding the affidavit that he executed in support of the warrant. Winkler's affidavit stated, in part, that during March 1991, agents of the North Georgia Narcotics Enforcement Team executed a search at an identified residence at which a variety of prescription drugs was seized. Winkler avowed that after the seizure, the residents of this dwelling were arrested and interviewed. During the interview, the arrestees revealed that they had acquired the prescription drugs from a George Smith, who resided at #40 Cohutta View Apartments near the Murray County High School.

Winkler's affidavit then outlined the details of a controlled buy of diazepam (Valium) from George and Merylin Smith utilizing a confidential informer, referred to as informant "605," who told Winkler that he could purchase the substance at the Smiths' residence. The affidavit states that Winkler observed as "605" entered the Smiths' residence with a micro recorder and "buy money," which had been photocopied. The informer bought various drug tablets with the money and immediately returned to Winkler. Informer "605" gave Winkler the micro recorder and cassette tape, which corroborated his depiction of the sales transaction within the residence. The cassette tape was played for the magistrate.

Winkler's affidavit next states that on June 24, 1991, he conducted interviews with two people who had been arrested for traffic violations and who subsequently were found to be in possession of Valium. Both people stated that they had purchased the drugs from George Smith and they identified the Smiths' residence as the same apartment which Winkler had observed informer "605" entering.

Citing *State v. Stephens*, 252 Ga. 181 (311 SE2d 823) (1984), Smith claims that the warrant was defective in that there was no showing of the reliability or truthfulness of the confidential informer, nor was there a demonstration of prior arrests based on information from the informer.

We find this argument without merit for a number of reasons. The affidavit here was based on various information which showed that prescription drugs were being sold at the Smiths' residence. " 'In making a determination as to probable cause pursuant to the totality of the circumstances test enunciated in *Illinois v. Gates*, (462 U. S. 213) (103 SC 2317, 76 LE2d 527) (1983), the task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the veracity and basis of knowledge of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place.' [Cits.]" *Adams v. State*, 201 Ga. App. 12, 13 (2) (410 SE2d 139) (1991); *Stephens*, supra; see generally OCGA § 17-5-21. In the instant case, we find that the magistrate had a substantial basis for concluding that probable cause existed to issue the warrant.

Secondly, citing *Pruitt v. State*, 123 Ga. App. 659 (182 SE2d 142) (1971), the Smiths claim that because no photocopy of the buy money was attached to the search warrant, the money was improperly submitted as evidence in that the Fourth Amendment requires that search warrants particularly describe the things to be seized. The instant warrant included among items to be seized "monies derived from the sale of controlled substances." We are unpersuaded by the Smiths' argument that a photocopy of the money was required to be attached to the affidavit. See generally OCGA § 17-5-23.

2. In their second enumeration, the Smiths contend that the trial court erred in allowing the confidential informant to testify to the meaning of garbled words on the audiotape. The Smiths argue that since the court had already refused to allow the transcript of the audiotape into evidence and had determined that the audiotape was the "best evidence," the subsequent admission of this testimony was erroneous.

It is not clear from the trial transcript, or from the arguments here, whether the testimony at issue interpreted words which were garbled and incomprehensible on the audiotape or whether the testi-

mony was a further explanation of the audible audiotape. In either case, the Smiths' arguments that there was error are without merit. If the objection here is interpreted as a "best evidence" objection, we find no error in the admission of the testimony. See OCGA § 24-5-4; compare *Boswell v. State*, 135 Ga. App. 104 (217 SE2d 410) (1975). Similarly, if the Smiths' grievance was that the statements explained the background of the audiotape — that it explained what was understood by the parties to the conversation, but obscure to the jury — we find no error in the admission of the testimony. Moreover, there was no perfected objection to the testimony on this latter basis.

*Judgment affirmed. Birdsong, P. J., and Beasley, J., concur.*

DECIDED FEBRUARY 23, 1993.

*Newton D. St. John, Jr.*, for appellants.
*Jack O. Partain III, District Attorney, Kermit N. McManus, Assistant District Attorney*, for appellee.