A94A0169. THE STATE v. KIRKLAND.
(442 SE2d 491)

JOHNSON, Judge.

James Donald Kirkland was indicted for various burglaries and armed robberies which were committed by what has become known as the "Metro Area Police Crime Ring." This is the State's appeal of the trial court's grant of Kirkland's motion to suppress. A judge of the Atlanta City Court issued a search warrant for Kirkland's home in Coweta County. In his motion, Kirkland argued that the city court lacked jurisdiction to authorize a search in Coweta County, and that the warrant was therefore a nullity.

The State argues that lack of jurisdiction is a merely technical defect which does not affect any substantial constitutional right of Kirkland and cites OCGA § 17-5-31: "[n]o search warrant shall be quashed or evidence suppressed because of a technical irregularity not affecting the substantial rights of the accused." However, "[l]ack of jurisdiction to issue the warrant is not a mere technicality, but results in a nullity." *Pruitt v. State*, 123 Ga. App. 659, 664 (182 SE2d 142) (1971).

"It has been expressly held that a magistrate may issue a search warrant for any area of the county in which his district lies." Ga. Crim. Trial Prac., 1993 ed., § 4-5. *Dye v. State*, 114 Ga. App. 299 (1) (a) (151 SE2d 164) (1966). Conversely, a magistrate may not issue a search warrant for a location outside of his district. The city court would have had jurisdiction to issue a search warrant for any part of the City of Atlanta, be it in Fulton or DeKalb County. See *Campbell v. State*, 207 Ga. App. 366, 367 (2) (428 SE2d 111) (1993) (in which a warrant issued by College Park Municipal Court judge from her home in Fulton County was held to be valid for execution in that part of College Park which straddles the Clayton County line). However, no part of the City of Atlanta extends to Coweta County and city court simply did not have jurisdiction to issue a search warrant for a house located there.

The State's reliance on *State v. Harber*, 198 Ga. App. 170 (401 SE2d 57) (1990) is misplaced because *Harber* is not about the authority of a judge to issue a warrant, but addresses the authority of police officers to obtain a warrant outside of their jurisdiction. The authority of the judge to issue the warrant was not raised in *Harber*.

It is not surprising that the State is not able to provide any authority for its position that the protections guaranteed by Art. I, Sec. I, Par. XIII of the Constitution of Georgia and the Fourth Amendment to the United States Constitution are not substantial rights. The trial court did not err in granting Kirkland's motion to suppress.

*Judgment affirmed. Beasley, P. J., and Andrews, J., concur.*

DECIDED MARCH 30, 1994.

*Lewis R. Slaton, District Attorney, Alfred D. Dixon, Shawn E. Lagrua, Barry I. Mortge, Assistant District Attorneys*, for appellant. *Charles M. Taylor II, Robert S. Devins*, for appellee.