**FIFTH DIVISION**
**MCFADDEN, P. J.,**
**RAY and RICKMAN, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**August 3, 2018**

# In the Court of Appeals of Georgia

A18A1294. JOYNER v. THE STATE.

McFADDEN, Presiding Judge.

The dispositive issue in this appeal is whether a probate court judge had the authority to issue a search warrant. Pursuant to OCGA §§ 17-5-21 (a) and 17-7-20, the probate court judge was vested with such authority. We therefore affirm the trial court's order finding that the search warrant was valid and denying a motion to suppress.

1. *Facts and procedural posture.*

On May 24, 2016, law enforcement officers conducted aerial surveillance over John Joyner's property in Screven County and observed suspected marijuana plants. That same day, an officer applied for and obtained a search warrant for Joyner's residence. The search warrant was issued by the chief judge of the Screven County

Probate Court. Officers executed the search warrant and seized numerous items from Joyner's property. Joyner was subsequently indicted for multiple felony offenses, including manufacturing marijuana, possession of methamphetamine, theft by receiving stolen property, and possession of a firearm by a convicted felon.

Joyner filed a motion to suppress evidence of the items seized from his property, arguing that the search warrant was invalid because it was issued by a probate court judge. The trial court denied the motion, finding that the probate court judge was authorized to issue the search warrant. The trial court issued a certificate of immediate review, and this court granted Joyner's application for interlocutory review. This appeal followed.

2. *Denial of motion to suppress*.

Joyner contends that the probate court judge lacked the authority to issue the search warrant and therefore the trial court erred in denying his motion to suppress. We disagree.

"[A]ny judicial officer authorized to hold a court of inquiry to examine into an arrest of an offender against the penal laws . . . may issue a search warrant[.]" OCGA § 17-5-21 (a). Accord *State v. Varner*, 248 Ga. 347 (283 SE2d 268) (1981) (search warrant may be issued by any judicial officer authorized to hold a court of inquiry).

2

The judicial officers authorized to hold a court of inquiry are set forth in OCGA § 17-7-20, which includes probate court judges. "Any judge of a superior or state court, *judge of the probate court*, magistrate, or officer of a municipality who has the criminal jurisdiction of a magistrate *may hold a court of inquiry*[.]" OCGA § 17-7-20 (emphasis supplied). Citing these two code sections, our Supreme Court has explained that "Georgia statutes vest numerous lesser courts . . . with the jurisdiction to hear applications for search warrants and issue search warrants upon a finding of probable cause." *State v. Lejeune*, 277 Ga. 749, 751 (1) (594 SE2d 637) (2004) (citations omitted). Probate courts are one of these lesser courts vested with the jurisdiction to issue search warrants.

In the instant case, because the probate court judge was authorized to hold a court of inquiry under OCGA § 17-7-20, the probate court judge was also authorized to issue a search warrant pursuant to OCGA § 17-5-21 (a).[1] See generally *Lejeune*, supra at 751-752 (finding that magistrate courts may issue search warrants); *Varner*, supra at 348 (holding that justices of the peace are authorized to hold courts of inquiry and thus may issue search warrants); *Campbell v. State*, 207 Ga. App. 366,

---

[1]We note that an unofficial opinion of the attorney general found that probate court judges have the authority under OCGA § 17-5-21 to issue search warrants. Op. Atty. Gen. No. U83-13 (March 17, 1983).

3

367-368 (2) (428 SE2d 111) (1993) (holding that a municipal court judge had authority to issue a search warrant).

Nevertheless, Joyner argues that the search warrant in this case was invalid because there is a state court in Screven County and OCGA § 40-13-21 (b), which is set out in the margin,[2] should be read to prohibit probate court judges from issuing warrants in counties where there is also a state court. But Joyner's reliance on OCGA § 40-13-21 (b) is misplaced. That code section is part of our motor vehicles code and governs the jurisdiction of probate courts in "misdemeanor cases arising under the traffic laws of this state[.]" OCGA § 40-13-21 (b). So even if that code section could be construed to divest probate courts of the authority to issue search warrants in misdemeanor traffic cases in counties where there is a state court, it has no applicability to the instant case, which is not a misdemeanor traffic case and instead is a case involving multiple felony offenses. "Accordingly, appellant's contention that the judge was without authority to issue the search warrant in this case is without merit." *Campbell*, supra at 368 (2).

---

[2]OCGA § 40-13-21 (b) provides: "The probate court shall have jurisdiction to issue warrants, try cases, and impose sentence thereon in all misdemeanor cases arising under the traffic laws of this state in all counties of this state in which there is no city, county, or state court, provided the defendant waives a jury trial."

4

*Judgment affirmed. Ray and Rickman, JJ., concur.*