33230, 33378.  TROUP *v.* STATE (two cases).

152

DECIDED JANUARY 9, 1951.

*L. J. Courson, McDonald & McDonald,* for plaintiff in error.
*Edward Parrish, Solicitor-General, J. P. Knight,* contra.

MacIntyre, P. J. ■ ■ The statute under which the defendant was indicted in each of these cases is as follows: "Any person engaged, either on his own account or for others, in the business of buying cotton, corn, rice, crude turpentine, spirits of turpentine, rosin, pitch, tar, cattle, hogs, sheep, goats, horses, pecans, peaches, apples, watermelons, cantaloupes, and mules, or other products or chattels sold by planters and commission merchants on cash sale, who shall buy such articles on sale from a planter, or commission merchant for cash, and shall fail or refuse to pay for, and shall make way with or dispose of the same before he shall have paid therefor, shall be imprisoned in the penitentiary for not less than one year, nor more than five years." The gravamen of this offense is the loss to the seller. *Whitaker v. State,* 9 *Ga. App.* 213, 216 (70 S. E. 990). Accordingly, the products bought by the defendant need not be described in the indictment with the same particularity as is required in the description of property alleged to have been stolen in larceny cases, where the taking and carrying away of the property without the consent of the owner is the gravamen of the offense, and the description thereof must be such as to enable the jury to say with certainty that the chattel proved to be stolen is the same as that upon which the indictment is founded. *Walthour v. State,* 114 *Ga.* 75, 76 (39 S. E. 872). It is specifically alleged that the Farmers' Live Stock Auction Company sustained a loss in the sum of $2976.61, and the indictment is therefore not deficient in this respect. The allegation that the defendant made the purchase from "W. D. Perry, agent and employee of Farmers' Live Stock Auction Company, a corporation" is also not repugnant or inconsistent with this statement on the ground that Perry individually sustained the loss, as alleged. Since the auction company is a corporation, it necessarily must act through its agents. The indictment thus clearly sets forth that the purchase was made from Perry as the agent of the company, and that the company sustained a loss therefrom. Grounds 7, 8 and 9 of the demurrer in case No. 33230 are therefore without merit.

For the same reason, grounds 3, 4, 5 and 6 of the demurrer in the same case, insisting that the indictment is insufficient in

that it does not set out the number of cattle and hogs, the price to be paid for each, and a fuller description thereof, are not well taken. The indictment in this respect is within the language of the statute in that it sets out a sale of cattle and hogs, two of the commodities specifically mentioned in Code (Ann. Supp.) § 5-9914, the date and amount of the sale, the fact that the sale was for cash, that the money was not paid, and that the seller suffered loss as a result thereof. See, in this connection, *Bell* v. *State,* 14 *Ga. App.* 425 (81 S. E. 253); *Howe* v. *State,* 10 *Ga. App.* 215 (73 S. E. 46).

The indictment is further demurred to by grounds 9 and 10 in that because of the indefiniteness of the allegations therein it would be impossible for the defendant to plead former jeopardy in the event he should be indicted for a similar transaction and convicted of the same within the period of the statute of limitations under the indictment as drawn. It is true that, as to the livestock purchased, the description in the indictment is general in character, but the result of this method of drawing an indictment is contrary to that alleged in the demurrer. As pointed out in *Abel* v. *State,* 64 *Ga. App.* 448, 455 (13 S. E. 2d, 507), the indictment being general in its terms, the State may introduce evidence as to the commission of the act charged at any time within the period of the statute of limitations, but this law allows to the defendant the resulting advantage that but one judgment can be given against him upon the matter covered by the indictment, and though he may have committed several transactions of the character set out within the period of limitation, a conviction as to one would protect him as to all and he could not be again convicted for any act covered by the indictment which happened within the statutory period, and as against another prosecution for it, a plea of autrefois convict or autrefois acquit would be good. These grounds of the demurrer are therefore without merit.

Grounds 1 and 2 of the demurrer in both cases, and grounds 5 and 6 in case No. 33378 are general demurrers. The two latter raise the specific point that there is in the indictment no allegation that the Farmers' Livestock Auction Company was a planter, a commission merchant, or either. An indictment is generally sufficient which states the offense in the language of

the Code (*Hugo* v. *State,* 110 *Ga.* 768, 36 S. E. 60), or where the offense, although not described in the exact language of the statute, is set forth in sufficient detail to enable the defendant to prepare his defense or to submit to the court the question whether he should be required to answer the charge. *Johnson* v. *State,* 90 *Ga.* 441, 444 (16 S. E. 92). Where, however, as here, language other than that employed in the statute is used, every essential ingredient of the offense charged must be set forth in the indictment with sufficient clearness to enable the defendant to prepare his defense and the jury to clearly understand the nature of the offense. *Williams* v. *State,* 2 *Ga. App.* 629 (58 S. E. 1071); *Cook* v. *State,* 22 *Ga. App.* 770 (97 S. E. 264). Also, if the defendant can admit all that is charged and still be innocent, the indictment is fatally defective. *Dukes* v. *State,* 9 *Ga. App.* 537 (2) (71 S. E. 921). As stated in *Herring* v. *State,* 114 *Ga.* 96, 99 (39 S. E. 866): "It is a general rule that the allegations of fact made in the body of an indictment, in order to constitute an offense, must show that the accused did all of those acts which the statute prescribes shall be a crime if done." Quoting from Wharton, Criminal Practice and Procedure, § 241, attention is called to the fact that it must be determined whether the statute creates a general offense, or an offense limited to a particular class of persons or conditions; in other words, whether it imposes the stamp of criminality on an entire class of actions, or upon only such actions of that class as are committed by particular persons or in a particular way. Obviously, the statute here under discussion belongs in the latter class. It does not make penal all cash purchases of whatever sort where the purchaser disposes of the property before paying for it. On the contrary, it specifically limits such sales, followed by disposition of the property before payment, to a specific state of facts, the essential ingredients of which are as follows: 1. That the product be one of those specified in the Code; 2, that the purchaser be engaged in purchasing such products; 3, that he make the purchase from a planter or commission merchant; 4, that the sale be a cash sale, and, 5, that he dispose of the property so purchased before paying for it, or at least put it beyond the reach of the seller. If the subject-matter of the sale was an automobile, for example, this statute would not be applicable.

If the sale was for credit, rather than for cash, it would not be applicable. If corn or rice, commodities named in the statute, were purchased for cash, not from a planter or commission merchant, but from a grocer for example, the statute would not be applicable. For this reason the defendant can admit every allegation of the indictment and still prevail, since it is nowhere alleged that the auction company from which the livestock was purchased belonging to either of the classes named, i.e., planters or commission merchants. Thus, one of the essential ingredients of the offense is lacking, and for this reason no crime is charged against the laws of the State. Both indictments are subject to grounds 1 and 2 of the general demurrer, that is, that they are insufficient to allege a crime, for the same reason that the indictment in case No. 33378 is subject to grounds 5 and 6 of the demurrer to that case. The trial court therefore erred in overruling the general demurrers to both indictments on these grounds.

■ The indictment in case No. 33378 is defective for the additional reason, as pointed out in grounds 3 and 4 of the demurrer in that case, that it does not allege that the sale was a cash transaction. The indictment alleges only that the defendant was "a person engaged on his own account and for others in the business of buying livestock and products sold by planters and commission merchants on cash sale" but that is not a sufficient allegation that, while so engaged, he did buy from a planter or commission merchant, or that the sale was a cash sale. As was pointed out in division 1 (a) hereof relating to the necessity for an allegation that the seller was either a planter or a commission merchant, it is equally essential that the indictment charge that the transaction was a cash sale, for, in the absence of an allegation as to these two essential elements of this offense, no crime is charged. The trial court erred in overruling grounds 3 and 4 of demurrer in case No. 33378.

■ To the indictment in case No. 33378 the defendant filed a plea of former jeopardy which was heard on an agreed statement of facts by the court and overruled. Exceptions pendente lite were preserved to this ruling and error is assigned thereon. However, since the trial court erred in overruling the demurrers to the indictments, all subsequent proceedings, including errors as-

signed on the overruling of the plea of former jeopardy and the motions for new trials, are nugatory, and it is unnecessary to pass on the errors assigned on these subsequent proceedings.

*Judgments reversed. Gardner and Townsend, JJ., concur.*