## 50754. HUDSON v. THE STATE.
## 50755. MASON v. THE STATE.

PANNELL, Presiding Judge.

Appellant, Danny W. Hudson, was charged by accusation with the offenses of obstruction of an officer and simple assault. Appellant, Barbara H. Mason, was charged with obstruction of an officer and simple battery. Appellants were tried jointly on the above charges. Hudson was convicted of both charges against him, and Mason was convicted of obstructing an officer. They each appeal the judgment against them.

The evidence showed that on October 1, 1974, two Clayton County deputy sheriffs went to the home of appellant Mason to arrest her son, appellant Hudson, on a bench warrant. Mason answered the door and stated to the deputies that Hudson was not there. The deputies searched the house for Hudson and then walked around the house. They saw the legs of a man sticking out from under a car, on which Mason contends he was working. One of the deputies asked the man his name and he

replied Thomas or Tommy. The other deputy then told the man to come out and identify himself. The deputy testified that he told the man he had a bench warrant for the arrest of Danny Hudson and asked for some identification. There was conflicting testimony as to whether Hudson immediately produced identification or initially refused. The driver's license which was produced identified the man as Danny Hudson.

The deputy testified that Mason had walked over to the car, and he told her she was under arrest for obstruction of officers. Mason ran toward the house, and he pursued her. He grabbed Mason's sweater as they reached the front door, and she then fell into the living room. Appellant Mason's version of the arrest was somewhat different. She testified that she was standing in the front door when the deputy came up to her and placed her under arrest and pushed her to the floor.

Hudson then came into the living room and stated that he was going to get his gun. The deputy grabbed and handcuffed Hudson. Both appellants were then taken to jail and charged.

During the trial of the case, upon the close of the state's evidence, appellants moved to dismiss the indictments and charges against them. The trial judge overruled these motions. *Held:*

1. The court erred in failing to dismiss the charge of simple assault against defendant Hudson upon the defendant's motion to dismiss at the close of the state's evidence. The assault charge was based on an accusation charging Hudson with a misdemeanor in that he did "threaten to get a gun and attempted to get a gun to stop the arrest of Barbara Mason, an act which placed Sgt. Kiney in reasonable apprehension of immediately receiving a violent injury. This threat was without provocation." The evidence presented by the state showed that Hudson told the officers he was going into a back room to get a gun to prevent them from arresting his mother. These facts do not constitute a simple assault. The offense of simple assault is complete if there is such a demonstration of violence, coupled with an apparent ability to inflict injury so as to cause the person against whom it is directed to reasonably fear that he will receive

an immediate violent injury unless he retreats to secure his safety. *Hise v. State,* 127 Ga. App. 511 (194 SE2d 274). Code § 26-1301 provides that "[a] person commits simple assault when he either (a) attempts to commit a violent injury to the person of another or (b) commits an act which places another in reasonable apprehension of *immediately* receiving a violent injury." (Emphasis supplied.) A mere threat to commit a violent injury upon the person of another is not sufficient to constitute an assault. *Harrison v. State,* 60 Ga. App. 610 (4 SE2d 602).

In the present situation, the defendant Hudson was proceeding to another room to get a gun. Even if the officers were apprehensive that Hudson would return with the gun and *then* harm them, this was not the apprehension of an *immediate* violent injury, but rather of a future injury. Therefore, even though the facts in the accusation were proven by the state and believed by the jury, the same would not authorize a verdict of guilty on the charge of simple assault. Accordingly, the judge erred in failing to dismiss the charge of simple assault against appellant Hudson.

2. Appellant Hudson contends that the facts asserted in the accusation were insufficient to sustain a charge for obstruction of officers; and therefore, it was error for the trial judge to fail to dismiss that charge against him. The accusation charged Hudson with the offense of misdemeanor, in that he refused to give an officer information as to his identity or to produce identification, knowingly hindering officers in their lawful duties. "If the defendant can admit all that is charged [in the indictment] and still be innocent, the indictment is fatally defective." *Troup v. State,* 83 Ga. App. 151, 152 (2) (63 SE2d 4). Therefore, if Hudson admitted committing all of the acts charged in the accusation, would he be guilty of the offense of obstruction of officers?

Code § 26-2505 provides: "A person who knowingly and wilfully obstructs or hinders any law enforcement officer in the lawful discharge of his official duties is guilty of a misdemeanor." The Committee Notes stated that the former Code § 26-4401, dealing with obstruction of officers in serving legal process was confined by the

courts to apply only to assaults already a crime under another Code section. The Notes viewed this as making Code § 26-4401 redundant. The new section was meant to cover obstruction of law enforcement officers in general by the use of violence, threat of violence, or other unlawful means. Committee Notes, Chapter 26-25, "Obstruction of Law Enforcement," Ga. Code Ann., p. 176. Obviously, Code § 26-2505 was intended to cover some actions which would not be independently unlawful, since the Committee Notes cited one of the weaknesses of the old section as being its application only to assaults, already made a crime under a separate section.

Rather, the statute was made purposefully broad to cover actions which might not be otherwise unlawful, but which obstructed or hindered law enforcement officers in carrying out their duties. This does not, however, make any actions which incidentally hinder an officer a crime; the accused must have "knowingly and wilfully" obstructed or hindered the officer.

Whether or not the actions of defendant would hinder or impede officers in carrying out their assigned duties is for the jury to decide. *Ratliff v. State,* 133 Ga. App. 256 (211 SE2d 192). A jury could find that the refusal to provide identification to an officer could hinder him in the execution of his duties. Further, the accusation included the requirement that these actions were done *"knowingly* hindering officers in their lawful duties." This was sufficient and the trial court was correct in overruling the motion to dismiss this charge against Hudson.

3. Appellant Mason also alleges error in the failure of the trial judge to dismiss the charge against her of obstruction of officers. The accusation charged her with the offense of misdemeanor in that she "did state to Officer Kiney when he came to Dunnelle Lane to serve a State Court Bench Warrant on Danny Hudson, that Danny Hudson was not there and that he lived in Atlanta; and a short time later, Danny Hudson was found on the premises; defendant knowing at the time that Danny Hudson was there on the premises." Appellant Mason contends that these actions, if true, would not constitute the crime charged and that the indictment is fatally defective. We disagree, based on the reasoning of Division

2 above. The accusation states actions which could hinder an officer while he was attempting to carry out his duties of serving a warrant. Also, the charge alleges that Mason knowingly gave this false information to the officers. Every essential element of the offense charged was thus set forth in the indictment with sufficient clearness to enable the defendant to prepare her defense and the jury to clearly understand the nature of the offense. This is the requirement where language other than that employed by the statute is used in the indictment. *Troup v. State,* 83 Ga. App. 151, 152, supra.

4. The evidence was sufficient to support the jury's finding that Hudson refused to identify himself to the officers, and that Mason knew that Hudson was on the premises when she informed the officers that he was not there.

5. Appellants' enumeration of error no. 3 is without merit.

6. Appellants allege error in the striking of Officer Kiney's testimony pertaining to the disposition of the bench warrant served on appellant Hudson. The trial judge struck the following testimony: "Q. Now, about bench warrants? A. Yes, Sir. Q. Were you present the day that this case came before the bench? A. I believe I was in court, yes, sir. Q. Do you know what happened? A. To my knowledge, I believe the case was dismissed by his Honor. Q. Do you know why? A. No sir, I have no idea." The prosecutor objected to this testimony as being irrelevant to this incident as it had nothing to do with the merits of the subject case and asked the court to strike said testimony. The judge sustained the objection.

Appellants state that testimony elicited by the state showed that the officers went to Mason's home to serve a bench warrant on Hudson. They contend that this left a damaging impression on the jury which they had a right to dispel by the above testimony. We cannot agree that the failure to allow the above testimony was prejudicial to appellants. It was not error for any of the reasons assigned.

*Judgment on the simple assault is reversed. Judgment on the other charges is affirmed. Quillian and Clark, JJ., concur.*

ARGUED MAY 28, 1975 — DECIDED SEPTEMBER 2, 1975 —
REHEARING DENIED SEPTEMBER 19, 1975 —

*Joseph E. Wilkerson,* for appellants.
*William E. Frey, Leonard Cohen,* for appellee.