59566. THOMPSON et al. v. THE STATE.

SOGNIER, Judge.

Lester Lavere Thompson and Robert Lee White were tried without a jury and convicted of violating the Georgia Controlled Substances Act (possession of marijuana with intent to sell). On appeal, they contend the trial court erred in denying their motion to suppress evidence, claiming there was an unconstitutional inventory search of appellant Thompson's automobile and that he was arrested illegally. We find no error and affirm.

1. Appellants' reliance upon *State v. Ludvicek,* 147 Ga. App. 784 (250 SE2d 503) (1978) is misplaced. In *Ludvicek* this court affirmed the trial court's grant of a motion to suppress evidence derived from an inventory search concomitant with impounding an automobile because the impoundment itself was unreasonable and the resulting inventory search thus invalid. The instant case is distinguishable on its facts.

Thompson's statement to police, which was introduced in evidence without objection, was that he and White were racing with a white Camaro when they were spotted by a state trooper. They passed the Camaro and attempted to outrun the trooper who was in pursuit. They pulled over when they decided they could not outrun the police. Thompson had a .22 caliber pistol with a sawed-off barrel in his possession, and an invalid Alabama registration license for the pistol.

At trial, B. J. Clenny, Deputy Sheriff of Decatur County, testified that prior to appellants' apprehension he was aware of "lookout" bulletins and news reports about two murder suspects from Florida. When he arrived at the scene where Thompson and White were stopped, State Trooper Jimmy Holt told him (Clenny) that appellants fit the general description of the Florida murder suspects. Thompson had an improperly registered, sawed-off .22

caliber pistol in his possession, no driver's license and no identification with a photograph. Clenny was unable to verify whether the car had been reported stolen. He thought the car had broken down because it appeared to be running extremely hot, and it was parked on a state right of way blocking a private drive. After considering these facts, together with the seriousness of the traffic offenses involved and the suspicious nature of being involved in a high speed chase on a Sunday afternoon, Clenny called for a wrecker to have the car removed and impounded. He testified it was standard policy to impound vehicles involved in serious traffic offenses to be "checked for further crime activity . . ." White was under arrest when Clenny arrived at the scene and Clenny placed Thompson under "investigative hold," taking both men into custody. An inventory search of the impounded automobile was conducted the next day and two pounds of marijuana in a brown paper bag, along with a number of spare automobile parts and other articles, were found.

Appellants insist that it was unnecessary to impound the automobile and the resulting inventory was nothing more than a subterfuge for a constitutionally impermissible search. We do not agree. Because the automobile had been involved in a high speed chase, bore improper tags, appeared to be disabled from "running hot" and was blocking a private driveway, the police were authorized, in the interest of public safety and as a part of the "community caretaking functions," to take custody of the automobile. Cady v. Dombrowski, 413 U. S. 433, 441 (93 SC 2523, 37 LE2d 706) (1973). Nor was impoundment unnecessary because there was another person available to remove the car, as was the case in *State v. Ludvicek,* supra, or *State v. Thomason,* 153 Ga. App. 345 (265 SE2d 312) (1980), (cert. den. April 4, 1980). In the instant case the driver of the car was under arrest for traffic violations, the passenger was being held for investigation and had no driver's license and no request was made to send for a friend or relative to retrieve the car. Thus here, as in *State v. MacCranie,* 137 Ga. App. 369 (223 SE2d 765) (1976) and cases cited therein, the appellants were separated from their automobile in an area where the public drove, thereby *necessitating* removal of the vehicle, for "the right of citizens to be protected from dangerous drivers is more important than the individual's right not to have his car towed away . . ." *State v. Ludvicek,* supra at 786.

2. Having concluded that the car was impounded legally, we must determine whether the search was made pursuant to standard inventory procedures. South Dakota v. Opperman, 428 U. S. 364 (96 SC 3092, 49 LE2d 1000) (1976). " 'It is well established that a police seizure and inventory is not dependent for its validity upon the absolute necessity for the police to take charge of property to

preserve it. They are permitted to take charge of property under broader circumstances than that.' *Mooney v. State,* 243 Ga. 373, 375 (254 SE2d 337) (1979). Even though the decision to seize and inventory need not be based upon the 'absolute necessity' to do so, unless the rationale for an inventory search inheres in the decision to seize and inventory, the impoundment itself may be 'unreasonable' and the resulting inventory search invalid. *State v. Ludvicek,* [supra]. 'Inventory searches have two purposes: to protect the vehicle and the property in it, and to safeguard the police or other officers from claims of lost possessions.' United States v. Ducker, 491 F2d 1190, 1192 (5th Cir. 1974)." *State v. Thomason,* supra at 349.

While appellants argue that Clenny "essentially admitted" that inventory searches were normally used as a means to uncover crimes and not in order to protect the valuables of the owner or occupants of the vehicle, we believe Clenny's testimony established that the inventory served the proper caretaking functions. Clenny testified that an inventory of vehicles involved in traffic offenses that are serious in nature, such as eluding a police officer, were standard. Further, failure to use the printed inventory form and place the inventory list on the log does not amount to a substantial deviation from prescribed departmental procedures which would invalidate admission of the contraband. Although a printed inventory form was not available, the inventory of the vehicle's contents was written by Officer Clenny on a blank piece of paper which was signed as correct by both appellants. The handwritten inventory differed from the printed form only in that it did not state whether the car was stolen, recovered or abandoned, which was not known at that time.

3. Finally, we do not agree that Thompson's detention and removal to the sheriff's station was an arrest without probable cause, based on mere suspicion that some unknown crime had been committed. Not only was Clenny aware of a lookout for two murder suspects who were believed to be fleeing through Georgia, he was told by the state trooper at the scene where appellants were stopped that Thompson and White fit the general description of the murder suspects. Considered with all the other facts in the case, probable cause for Thompson's detention was clearly established.

It is well settled that an arrest may be made upon hearsay evidence; "the constitutional validity of the arrest without a warrant depends 'upon whether, at the moment the arrest was made, the officers had probable cause to make it — whether at that moment the facts and circumstances within their knowledge and of which they had reasonably trustworthy information were sufficient to warrant a prudent man in believing that the [defendant] had committed or was committing an offense.' Beck v. Ohio, 379 U. S. 89, 91 (85 SC 223, 13

LE2d 142)." *Peters v. State,* 114 Ga. App. 595, 596 (152 SE2d 647) (1966); quoted with approval in *Sanders v. State,* 235 Ga. 425, 440 (219 SE2d 768) (1975). When the totality of the circumstances is considered, it cannot be said that Thompson's detention until the status of the automobile could be determined was not justified. The contraband subsequently discovered during the valid inventory search was not subject to suppression for any reason urged and establishes the correctness of Clenny's actions. Accord, *Creamer v. State,* 150 Ga. App. 458, 461 (2) (258 SE2d 212) (1979). In any event, "where, as here, the defendant has been indicted and convicted, an illegal arrest is not in and of itself a ground of reversal. [Cit.]" *Anderson v. State,* 152 Ga. App. 268 (1) (262 SE2d 560) (1979). The motion to suppress and trial were heard by the judge without a jury and when there is any evidence to support his finding it will not be disturbed.

*Judgment affirmed. Deen, C. J., and Birdsong, J., concur.*

SUBMITTED MARCH 5, 1980 — DECIDED JUNE 27, 1980.

*Kenneth L. Gordon,* for appellants.
*Ben L. Bateman, District Attorney, Bentley C. Adams, III, Assistant District Attorney,* for appellee.