### 61745. TOLBERT et al. v. HICKS et al.

SHULMAN, Presiding Judge.

Plaintiff Charles Tolbert was injured when the van he was driving collided head-on with two of defendant James Hicks' horses, which had run onto the highway after escaping from a nearby pasture. Alleging that James Hicks was liable under the theory of respondeat superior and that Norman Hicks was liable in negligence, Tolbert brought suit for his damages and his wife brought suit for loss of consortium. Plaintiffs appeal a verdict and judgment in favor of the defendants, complaining that the trial court impermissibly allowed evidence of a blood-alcohol test which had been administered to Mr. Tolbert following the collision. Concomitant to that objection, plaintiffs contend that the court's charge of Code Ann. § 68A-902.1 was inappropriate and therefore error. We disagree with plaintiffs' contentions of error and accordingly affirm the judgment of the trial court.

Specifically, plaintiffs contend that the police officer's failure to place Mr. Tolbert under arrest prior to requesting that he submit to the test is in violation of Code Ann. § 68B-306 (a) and precludes the admission of the test results. The police officer who investigated the collision testified that he smelled the odor of alcohol in the van and about Mr. Tolbert (possibility emanating from Mr. Tolbert) and saw beer cans in the van. In conjunction with that evidence of alcohol

consumption, he noticed that Mr. Tolbert's speech was slurred. These circumstances led the officer to suspect that Mr. Tolbert might have been under the influence of alcohol at the time of the collision. Therefore, after Mr. Tolbert had been brought to the emergency room of a hospital for treatment, the officer requested that he submit to a blood test. The evidence showed that Mr. Tolbert was advised of his rights under Georgia law regarding the administration of a blood test and that he signed a consent form to that effect.

We cannot agree that Mr. Tolbert was not under arrest at the time his consent was obtained. A formal arrest or statement to that effect is not a necessary element of an arrest. " 'An arrest is accomplished whenever the liberty of another to come and go as he pleases is restrained, no matter how slight such restraint may be. . .' [Cit.]" *Caito v. State*, 130 Ga. App. 831 (1) (204 SE2d 765). In the instant case, we conclude that an arrest had been made when the investigating officer detected what he thought was the odor of alcohol about Mr. Tolbert's person and restrained his freedom at the hospital.

That being so, we find no error in the admission of the blood test results or the trial court's instructions on Code Ann. § 68A-902.1.

*Judgment affirmed. Birdsong and Sognier, JJ., concur.*

DECIDED MAY 26, 1981.

*L. Eddie Benton,* for appellants.
*E. Davison Burch,* for appellees.