66912. CITY OF MARIETTA et al. v. KELLY.

SHULMAN, Presiding Judge.

Appellee John Kelly brought suit under 42 USCA § 1983 against The City of Marietta, the Mayor of Marietta, the Marietta City Council (in their individual and official capacities), the K-Mart Corporation, a K-Mart security guard, a Marietta city policeman, and the Judge of the Municipal Court of Marietta for allegedly violating his civil rights. He also sued the same defendants for false arrest, false imprisonment, and malicious prosecution. OCGA §§ 51-7-1; 51-7-20; and 51-7-40 (Code Ann. §§ 105-1001; 105-901; and 105-801). On April 8, 1980, appellee was detained by a K-Mart security guard for allegedly shoplifting merchandise, and the Marietta Police Department was notified. A Marietta police officer

placed appellee under arrest and took him to the police station for detention until an arrest warrant could be obtained. A warrant sworn to by the security guard and charging appellee with shoplifting was then issued by a member of the Marietta City Council, the authorization for such action allegedly stemming from a city ordinance. Appellee was issued a uniform traffic citation and ordered to appear in the Municipal Court of Marietta on May 6, 1980. On that date, the municipal court judge bound appellee over to the State Court of Cobb County for a trial by jury. Appellee was subsequently acquitted and the present action ensued. All parties except K-Mart Corporation and its security guard moved for summary judgment. The trial court entered an order granting appellee's motion for summary judgment regarding his Section 1983 claim against the City of Marietta. The court reserved for trial appellee's state law malicious prosecution claim (ruling that it was the only state claim that afforded appellee the relief he sought) and also reserved the Section 1983 claim against the security guard and the police officer. A motion to dismiss the Section 1983 claim was granted in favor of all other defendants.

The City of Marietta contends that it was error for the trial court to grant appellee's motion for summary judgment regarding his Section 1983 claim against it because the arrest warrant issued by the City Council member was not invalid and, even if it was, that invalidity did not rise to the level of a violation of appellee's constitutionally guaranteed civil rights. Additionally, the City of Marietta; William Peek, the councilman who issued the warrant; the security guard; and the Marietta police officer contend that the trial court erred in denying their motion to dismiss the malicious prosecution charge because the court had ruled in its order that the arrest warrant in the present case was void.

1. "42 USCA § 1983 [creates] a cause of action, cognizable by the courts of this state, based upon acts which are in implementation of an *intentional policy,* adopted or ratified by the governing body of a public agency, which acts work deprivation of a constitutional right ... What is required to be proved, directly or circumstantially, is that a governing body has worked constitutional deprivation of a citizen pursuant to an impermissible or corrupt policy which is intentional and deliberate." *City of Cave Springs v. Mason,* 252 Ga. 3 (310 SE2d 892).

The overriding issue to be resolved in this appeal is whether a city council member may be legally authorized to issue arrest warrants for perpetrators of state criminal offenses. The trial court held that the Marietta City Council's practice of issuing warrants in the above instance violated the due process guarantee of the 14th

Amendment. However, by holding that the Marietta ordinance that had purportedly authorized the above practice empowered the council members to issue arrest warrants for *municipal* offenses, the trial court stopped short of declaring the ordinance totally void.

The Charter for the City of Marietta provided that city council members could "exercise the power of arrest through duly appointed policemen." (Ga. L. 1977, pp. 3541, 3562, Sec. 2.16 (51). The charter also provided that the city council members could "exercise all implied powers necessary to carry into execution all powers granted in this charter [as] fully and completely as if such powers were fully enumerated herein . . ." Id., p. 3563, Sec. 2.16 (59). In order to better implement Section 2.16 (51), the city council enacted City Ordinance Section 2-1002 (g), which provided: "Arrest warrants may be issued by the mayor, any member of council, or any municipal judge, upon finding of probable cause by any such official that an offense has been perpetrated by the individual named in the warrant." "Any judge of a superior, city, state, or county court, any justice of the peace, *or any municipal officer clothed by law with the powers of a justice of the peace* may issue his warrant for the arrest of any offender against the penal laws . . ." (Emphasis supplied.) OCGA § 17-4-40 (Code Ann. § 27-102). (OCGA § 17-4-40 (Code Ann. § 27-102) was slightly altered in 1983, but its substantive effect remains unchanged.)

We believe that the Marietta City Ordinance, as implicitly authorized by the legislature in the Marietta City Charter, clothes the city council members with the powers of a justice of the peace at least to the extent of issuing arrest warrants for state criminal offenses. The inability of the municipal court to try these cases is irrelevant in this instance, since it is empowered, as it was in the present case, to bind over a perpetrator of a state offense to the appropriate state court for trial. OCGA § 17-7-22 (Code Ann. § 27-423). We thereby refuse to limit the ordinance's application to warrants involving only municipal offenses but hold that the ordinance also authorized the Marietta City Council members to issue arrest warrants for state criminal offenses as long as statutory procedural and substantive guidelines were followed.

Since we have held that the Marietta City Council members had legal authorization to issue the arrest warrant, the warrant was facially valid and, as such, did not infringe upon any of appellee's constitutionally guaranteed rights. Therefore, the trial court erred in granting appellee's motion for summary judgment in regard to his Section 1983 claim.

2. Appellants contend that the trial court erred in denying their motion to dismiss appellee's malicious prosecution claim since the trial court had ruled the arrest warrant in the present case was void. It

is well settled that "[w]here the warrant is void, malicious prosecution will not lie. [Cit.]" *Wilson v. Bonner,* 166 Ga. App. 9 (1) (303 SE2d 134). However, as Division 1 concluded, the arrest warrant in the instant case was facially valid, so appellee's malicious prosecution claim was properly reserved for trial.

*Judgment affirmed in part and reversed in part. McMurray, C. J., and Birdsong, J., concur.*

DECIDED FEBRUARY 7, 1984 —
REHEARING DENIED FEBRUARY 23, 1984 —

*Y. Kevin Williams,* for appellants.
*Wallace C. Clayton, James W. Friedewald,* for appellee.