## 67540. KELLEY v. THE STATE.

McMURRAY, Chief Judge.

By accusation the defendant Henry Lorenzo Kelley was charged with a misdemeanor, to wit: obstruction of an officer, in that he did "unlawfully and willfully obstruct or hinder, by resisting arrest, . . . a law enforcement officer in the lawful discharge of his official duties." Defendant was tried and convicted before the court, without the intervention of a jury, and sentenced to serve 12 months on probation with the payment of a fine and a fee for probation supervision. Defendant appeals. *Held*:

On the date in question a number of police officers, including two sheriffs, went to a certain building being operated by a person named Hubert Kelley with a valid search warrant with reference to a private club called the "Smoke Stack" operated by Hubert Kelley. The two sheriffs present were not in uniform but were wearing a badge, but other officers were in uniform. When the officers entered the defendant was asked did he know Hubert Kelley to which he replied "I don't know him." About that time, the subject of the inquiry, Hubert

Kelley, was identified by one of the officers as being across the room. However, the defendant proceeded to make statements, such as "[w]hat d. . . business you all got over here?" and "[w]e can't have nothing without you all interfering." Whereupon, he was placed under arrest. He was then charged as shown in the accusation. In its "verdict" the court determined "that Defendant's refusal to provide identification of Hubert Kelley . . . did hinder [the sheriff] in the execution of his duties and the Court finds further that the Defendant knowingly hindered [the sheriff] in carrying out his lawful duties . . . beyond a reasonable doubt," citing *Hudson v. State,* 135 Ga. App. 739 (218 SE2d 905) as authority.

OCGA § 16-10-24 (formerly Code Ann. § 26-2505) provides that a person who knowingly and willfully obstructs or hinders any law enforcement officer in the lawful discharge of his official duties is guilty of a misdemeanor. There was testimony here that the defendant was "a Kelley" and the search warrant was seeking a search of the premises of an individual named Hubert Kelley. The case of *Hudson v. State,* 135 Ga. App. 739, 742 (2), supra, citing *Ratliff v. State,* 133 Ga. App. 256 (211 SE2d 192), holds that a jury could find that the refusal to provide identification to an officer could hinder him in the execution of his duties and that the actions there were for the jury to determine if the defendant did knowingly hinder officers in their lawful duties. However, in the case sub judice, while the person sought had the surname Kelley which was the same as this defendant, there is no evidence that the defendant knew the person sought or that he was related to him. One witness did testify that this defendant gave him a wrong name but did not remember what name he had given the officer. It might be said that the other expressions made by the defendant amounted to a remonstrance with reference to the officers, but something more than a mere remonstrance must be shown to warrant a conviction for obstruction of an officer. See *McCook v. State,* 145 Ga. App. 3, 5 (2) (243 SE2d 289); *Statham v. State,* 41 Ga. 507; *Wells v. State,* 154 Ga. App. 246, 247-248 (268 SE2d 74); *McBride v. State,* 68 Ga. App. 755, 756 (24 SE2d 135). Indeed, to obstruct an officer there must be some evidence of forcible resistance or objection to the officer (not mere argument) in the performance of his duties. See *McCook v. State,* 145 Ga. App. 3, 5, supra; *Samples v. State,* 151 Ga. App. 179 (259 SE2d 178). While the trial court did hold that the defendant did hinder the officer by refusing to provide identification of the person sought, yet the charge was that he did resist arrest. The evidence was that defendant did not physically obstruct any of the officers and made no threats against any officer. Here there is no evidence whatsoever that the defendant resisted arrest and further no evidence that he did knowingly refuse to provide identification of the said Hubert Kelley. No evidence was produced that he even knew

Hubert Kelley. The defendant here having moved for a directed verdict of acquittal the trial court erred in failing to grant same.

*Judgment reversed. Deen, P. J., and Sognier, J., concur.*

DECIDED JUNE 18, 1984.

*James C. Warnes II*, for appellant.

*Lindsay A. Tise, Jr., District Attorney, Francis J. George, Barry G. Irwin, Assistant District Attorneys*, for appellee.