### 40976. KELLY v. CITY OF MARIETTA et al.
(322 SE2d 885)

BELL, Justice.

The facts of this case are reported in *City of Marietta v. Kelly,* 169 Ga. App. 927 (315 SE2d 659) (1984). In the first division of that opinion the Court of Appeals reversed the trial court's grant of partial summary judgment to plaintiff-appellee John Kelly on his 42 USCA § 1983 claim against defendant-appellant Marietta City Councilman William Peek, holding that OCGA § 17-4-40, the City of Marietta Charter, Ga. L. 1977, p. 3541, and Marietta City Ordinance § 2-1002 (g) authorized Peek, by virtue of his status as a City Council member, to issue an arrest warrant for a state criminal offense. Id. at 929. We granted certiorari to consider whether the power to authorize a City Councilman to issue such warrants is within the ambit of the authority granted to the Marietta City Council by the General Assembly. We conclude it is not.

1. At the time the arrest warrant was issued, the general statute which authorizes the issuance of arrest warrants for state offenses, OCGA § 17-4-40, provided that "[a]ny judge of a superior, city, state, or county court, any justice of the peace, or any municipal officer clothed by law with the powers of a justice of the peace may issue his warrant for the arrest of any offender against the penal laws. . . ."[1] City Ordinance § 2-1002 (g) provided that "[a]rrest warrants may be issued by the mayor, any member of council, or any municipal judge, upon finding of probable cause by any such official that an offense has been perpetrated by the individual named in the warrant."

"Towns and cities have only such powers as are granted them by the State, either in their charters or in general laws . . .," *Ga. R. &c. Co. v. Railroad Comm. of Ga.,* 149 Ga. 1, 12 (2) (98 SE 696) (1919), and an ordinance enacted without authority is void and without effect. Id. Neither the general statutes of this state nor the Marietta City Charter expressly grant the City Council power to enact ordinances authorizing its individual members to issue arrest warrants for the violation of state penal offenses. The Court of Appeals found that

---

[1] OCGA § 17-4-40 was amended in 1983 to read, "Any judge of a superior, city, state, or magistrate court, or any municipal officer clothed by law with the power of a magistrate may issue his warrant for the arrest of any offender against the penal laws . . . ." Ga. L. 1983, pp. 884, 913, § 3-17.

See also Ga. L. 1983, p. 884, § 2-1, which repealed former OCGA Title 15, Ch. 10, relating to justice of the peace courts, and substituted a new Ch. 10, relating to magistrate courts.

City Ordinance § 2-1002 (g), "as *implicitly authorized* by the legislature in the Marietta City Charter, clothes the city council members with the powers of a justice of the peace at least to the extent of issuing arrest warrants for state criminal offenses," *City of Marietta v. Kelly,* supra, 169 Ga. App. at 929 (emphasis supplied), but we reach a different conclusion.

In 1964 the Assembly enacted legislation establishing the Civil and Criminal Court, now State Court, of Cobb County. Ga. L. 1964, p. 3211. Section 28 of that act abolished the office of justice of the peace and notary public ex officio justice of the peace in the Marietta justice of the peace district, and stated that "no justice of the peace or notary public ex officio justice of the peace shall have or exercise any jurisdiction, civil or criminal, . . . within the corporate limits of the City of Marietta, Georgia." Ga. L. 1964 at 3222. See *Varner v. State,* 158 Ga. App. 458 (280 SE2d 841) (1981), reversed on other grounds, *State v. Varner,* 248 Ga. 347 (283 SE2d 268) (1981). Section 28 is unambiguous, and clearly prevents the inference that the Marietta City Charter implicitly authorized the City Council to clothe its individual members with the powers of a justice of the peace. Accordingly, we hold that the issuance of the warrant for Kelly's arrest for a state offense was an unauthorized application of Ordinance § 2-1002 (g),[2] and that the warrant was therefore void.

Because it concluded that the warrant was valid, the Court of Appeals did not consider whether Kelly was otherwise entitled to partial summary judgment on the issue of defendants' 42 USCA § 1983 liability. In light of our holding that the warrant was a nullity, the foregoing issue is a necessary question for consideration by the Court of Appeals on remand. Accordingly, we vacate the first division of the Court of Appeals' opinion, and remand for determination of that issue.

2. In the second division of its opinion the Court of Appeals affirmed the trial court's reservation of Kelly's malicious prosecution claim for trial, on the ground that the arrest warrant was facially valid. In light of our holding that the warrant was void, the judgment of the second division of the Court of Appeals' opinion is vacated, and on remand the Court of Appeals will reconsider this issue in a manner consistent with our holding.

*Judgment of the Court of Appeals vacated, with directions. All the Justices concur, except Gregory, J., who dissents, and Smith, J., not participating.*

---

[2] Kelly does not contend that the ordinance is facially invalid, and we do not address this issue.

Decided November 28, 1984.

*Clayton & Clayton, Wallace C. Clayton,* for appellant.
*Edwards, Friedewald & Grayson, James W. Friedewald, Downey, Cleveland, Moore & Parker, Y. Kevin Williams,* for appellees.