## 66912. CITY OF MARIETTA v. KELLY.
(334 SE2d 6)

McMurray, Presiding Judge.

Upon our initial consideration of the case sub judice (see *City of Marietta v. Kelly,* 169 Ga. App. 927 (315 SE2d 659), wherein the facts of the case sub judice are set forth), the City of Marietta contended that even if the arrest warrant were invalid (which was so held by our Supreme Court in *Kelly v. City of Marietta,* 253 Ga. 579 (322 SE2d 885)), "that invalidity did not rise to the level of a violation of appellee's constitutionally guaranteed civil rights." This issue, which we did not reach in *City of Marietta v. Kelly,* 169 Ga. App. 927, supra, remains for decision. *Held:*

Appellee concedes that his jury trial under an accusation drawn by the solicitor of the State Court of Cobb County was proper and could not be the basis of an action under 42 USCA § 1983. Appellee alleges that he has been deprived of his right to be free from arrest and imprisonment without due process of law. While the events related to appellee's arrest involved a failure to fully comply with Georgia law, such does not necessarily imply a deprivation of federal constitutional rights. See *Diamond v. Marland,* 395 FSupp. 432 (S.D. Ga. 1975).

In order to recover under § 1983 appellee must show a deprivation of a right secured by the Constitution or laws of the United States. Violation of State law alone does not give rise to an action under § 1983. *Williams v. Treen,* 671 F2d 892 (5th Cir. 1982); *White v. Thomas,* 660 F2d 680 (5th Cir. 1981); *Juncker v. Tinney,* 549 FSupp. 574 (Md. 1982).

"In deciding a motion for summary judgment, the evidence is construed most favorably to the party opposing the motion, who is to be given the benefit of all reasonable doubts and all reasonable inferences. *Malcom v. Malcom,* 112 Ga. App. 151 (1) (144 SE2d 188)." *Blount v. Seckinger Realty Co.,* 167 Ga. App. 778, 779 (1) (307 SE2d 683). Viewed in this manner the record fails to show that appellee was deprived of any rights guaranteed under the United States Constitution. Therefore, we hold that the trial court erred in granting summary judgment to appellee on his § 1983 claim against the appellant City of Marietta.

Furthermore, appellee's contention that the arrest was accomplished by a Marietta police officer without probable cause is contradicted by the record. The record shows ample probable cause for appellee's arrest and that the arrest was accomplished by a department store employee rather than the police officer to whom custody of appellee was transferred following the arrest.

A store security manager observed appellee remove a spool of fishing line from a package and place it in his pants pocket. These

circumstances were sufficient to warrant a prudent man in believing that appellee had committed or was committing the offense of theft by shoplifting. (See OCGA § 16-8-14.) Thus, there was probable cause authorizing the arrest of appellee. *Beck v. Ohio,* 379 U. S. 89, 91 (85 SC 223, 13 LE2d 142). The employee's observations provided him with proper grounds to effect a citizen's arrest. See OCGA § 17-4-60.

Subsequently, the security manager confronted appellee. Appellee was physically compelled to accompany the store security manager to the security office. Appellee was detained at the security office while the security manager completed his report and then the police were summoned. The arrest was completed when the liberty of appellee to come and go was restrained by the store employee. See OCGA § 17-4-1; *Tolbert v. Hicks,* 158 Ga. App. 642 (281 SE2d 368); *Paxton v. State,* 160 Ga. App. 19 (285 SE2d 741); *Williams v. State,* 166 Ga. App. 798 (305 SE2d 489).

The police arrived 20-25 minutes after they were called and a Marietta police officer assumed custody of appellee. This transfer of custody to a law enforcement officer was one of the alternatives available to the arresting private citizen in order to comply with OCGA § 17-4-61 (a). Such a transfer of custody of an alleged offender already arrested by a private citizen does not involve a decision to arrest by the law enforcement officer. See in this regard OCGA § 17-4-61 (b), (c). Regardless of the officer's subjective intent, the alleged offender's (appellee's) liberty having already been restrained during the arrest by the private citizen there is no logical analysis under which the police officer could be viewed as having arrested appellee.

Furthermore, even if, as argued by appellee, there was an arrest without probable cause (of appellee at the department store) by the police, there is no evidence conclusively showing that such arrest was pursuant to any official policy or custom of the City of Marietta. "[A] local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents." *Monell v. Dept. of Social Services,* 436 U. S. 658, 694 (98 SC 2018, 56 LE2d 611).

The remaining issue is whether the issuance of the invalid arrest warrant resulted in the deprivation of any of appellee's rights secured by the Constitution or laws of the United States. In this connection we emphasize that the arrest of appellee was made without a warrant. Where an arrest is effected without a warrant the Fourth Amendment requires a judicial determination of probable cause following arrest as a prerequisite to an extended restraint of liberty (other than the condition that one appear for trial). *Gerstein v. Pugh,* 420 U. S. 103, 124-125 (fn. 26) (95 SC 854, 43 LE2d 54). Compare OCGA § 17-4-62. The arrest warrant which would have satisfied the requirement of a judicial determination of probable cause has been held invalid. Thus, the prerequisite to an extended restraint of appellee's liberty was not

satisfied.

However, it does not follow that a deprivation of federal constitutional rights occurred. As incident to a lawful arrest without a warrant the arrestee may be held for a reasonable time pending a judicial determination of probable cause. Here, there is evidence which suggests that a proper judicial determination of probable cause could not have been obtained within the period appellee was held in custody. A genuine issue of material fact remains as to whether appellee was restrained for an unreasonable period of time absent a judicial determination of probable cause.

*Judgment reversed. Banke, C. J., Deen, P. J., Birdsong, P. J., Carley, Sognier, Pope and Beasley, JJ., concur. Benham, J., dissents.*

BENHAM, Judge, dissenting.

Because I believe that the majority has overlooked evidence compelling a different result, I am constrained to dissent from its judgment of reversal. My difference with the majority's view of this case is centered on two points. First, the majority states that there is no evidence conclusively showing that the manner in which appellee was arrested by appellant Tripp, the arresting officer, was pursuant to any official policy or custom of the City of Marietta. In fact, the *only* evidence on that issue is Tripp's testimony that the practice of placing shoplifting suspects under arrest in lieu of the complainant securing a city warrant for shoplifting was the police department's "routine procedure." It is clear, therefore, that the liability here does not stem from the activity of a single city employee but from an established practice. Second, the majority holds that there is evidence that a proper judicial determination of probable cause could not have been obtained within the period appellee was held in custody. Notwithstanding what might have been done or not done, the uncontradicted evidence in the record shows that the handling of appellee's prosecution, an arrest under a void city warrant for a state offense, was according to long-established policy of the City of Marietta. That evidence leaves no room for speculation: it shows a deliberate city policy of incarcerating suspects without a valid determination of probable cause for doing so.

Since the only evidence in the record of this case relating to the policies governing the arrest and incarceration of appellee showed a deliberate disregard for due process, I am compelled to conclude that the trial court's grant of summary judgment to appellee against the City of Marietta was correct and should be affirmed.

DECIDED JUNE 27, 1985 —
REHEARING DENIED JULY 11, 1985 — 

Y. *Kevin Williams*, for appellant.
*Wallace C. Clayton, James W. Friedewald*, for appellee.