## 69661. WHALEY v. THE STATE.
### (333 SE2d 691)

BENHAM, Judge.

Appellant seeks a reversal of his conviction of obstructing an officer (OCGA § 16-10-24), enumerating as error the denial of his motion for directed verdict of acquittal. We affirm.

The State's evidence shows that on December 10, 1983, at approximately 4:00 a.m., Officer Guest, a DeKalb County police officer who was moonlighting as an apartment complex security officer, received a telephone complaint about loud music in the complex. Guest, wearing his official police uniform jacket, proceeded to the location of the apartment in question and knocked on the door. A Mr. Sickler answered the door, and when the officer requested that the music be turned down, Sickler responded by slamming the door. Guest made a second request and received the same response. He then withdrew some distance to wait and see if the music would be turned down. Sickler came outside and confronted the officer about his continued presence, threatening to call the police if he did not leave. Guest responded that he was waiting for the music to be turned down and that it was unnecessary to call the police since he was himself a police officer. Sickler returned to the apartment and, shortly thereafter, Guest, listening to his police radio, heard a call go out on a "suspicious person," giving Guest's clothing description and his location. He answered the call, identifying himself as the suspicious person, but requesting that officers be dispatched to the scene. Officer Whittington and Sergeant Harper arrived shortly thereafter, but the music had been turned off. Guest told the two officers what had transpired, and they all three went to the apartment and knocked on the door. Sickler again answered the door, but it was apparent that there were several other people in the apartment. A belligerent conversation between the police and the people in the apartment began, during which appellant identified himself as the resident of the apartment. Harper then instructed Whittington to take appellant outside the apartment and issue him a citation for violating a local noise ordinance. At Whittington's direction, appellant stepped outside the apartment and started up the steps of the apartment building. After some instigation from the people in the apartment, appellant decided not to accom-

pany Whittington, turned around toward the apartment, and attempted to get past the officer. At that point, Whittington reached for appellant, who tried to get away. A fight ensued, and appellant was restrained and handcuffed by Whittington and Harper while Guest attempted to keep the other occupants of the apartment inside. Appellant was charged with violation of a local noise ordinance, public drunkenness, disorderly conduct, and obstruction of an officer, but was only tried on the obstruction charge.

Under OCGA § 16-10-24, "[a] person who knowingly and willfully obstructs or hinders any law enforcement officer in the lawful discharge of his official duties is guilty of a misdemeanor." Appellant contends that his warrantless arrest for violating the local noise ordinance was unlawful, since the arresting officers, Whittington and Harper, did not hear the loud music, and that consequently appellant was entitled to resist arrest. He also argues that the State was required to prove the underlying offense that initially led the officers to act. We disagree.

To begin with, OCGA § 16-10-24 was obviously meant to cover obstruction of law enforcement officers in general by the use of violence, threat of violence, or other unlawful means. The statute was purposefully made broad with the intention to cover some actions which would not otherwise be independently unlawful. *Hudson v. State*, 135 Ga. App. 739 (218 SE2d 905) (1975). It is not necessary for the State to prove the underlying offense that causes the officers to act; it is only necessary to prove the elements of the obstruction statute, i.e., that the act constituting obstruction was knowing and wilful, and that the officer was lawfully discharging his official duties. Id. Cf. *Kelley v. State*, 171 Ga. App. 222 (319 SE2d 81) (1984). In the case before us, there is no question that appellant was acting knowingly and wilfully when he began struggling with the officers. Moreover, the officers were acting within the meaning of the statute since they were attempting to effectuate a lawful arrest.

A warrantless arrest is legal if any crime is committed in an officer's presence or within his immediate knowledge. OCGA § 17-4-20. This Code section also applies to violations of municipal ordinances. *State v. Koon*, 133 Ga. App. 685 (211 SE2d 924) (1975). Whether or not an arrest violates the statutory provision depends on whether at the time of the arrest the officer had probable cause to make it, i.e., whether the officer had trustworthy information to warrant believing that appellant had committed an offense. *Thompson v. State*, 155 Ga. App. 101 (270 SE2d 313) (1980). When a police officer is the informant, his reliability is presumed as a matter of law. *Quinn v. State*, 132 Ga. App. 395 (208 SE2d 263) (1974). It is also well established that information obtained by one officer in an investigation may be used by another officer common to that investigation as a reliable basis for

probable cause. *Parker v. State*, 161 Ga. App. 37 (3) (288 SE2d 852) (1982).

Here we have a situation in which one off-duty officer witnessed the alleged violation of a local ordinance, relayed that information to two on-duty officers who arrived at the scene shortly thereafter to investigate the matter, and all three officers then worked together to effectuate appellant's arrest. Under those circumstances, all three officers were acting in the lawful discharge of their official duties, and appellant's interference with them constituted a violation of OCGA § 16-10-24. See *Duncan v. State*, 163 Ga. App. 148 (1) (294 SE2d 365) (1982); *Hudson v. State*, supra.

We agree with the trial court's assertion that it would have been "a foolish thing" to have required the off-duty officer to go get a warrant and come back while the other two officers waited at the scene of the incident, particularly since the off-duty officer, acting alone, could have arrested appellant without a warrant before the other two officers arrived. Common sense compels the trial court's and our conclusion that it "made no difference who actually made the arrest." The elements of OCGA § 16-10-24 having been proved at trial, the trial court did not err in denying appellant's motion for directed verdict; in failing to charge the jury on the law of warrantless arrest; and in prohibiting appellant from arguing that his arrest was unlawful. Furthermore, appellant's enumeration of error as to the trial court's failure to inform him of the content of the court's jury charge prior to argument is not supported by the record.

*Judgment affirmed. Banke, C. J., Deen, P. J., Pope and Beasley, JJ., concur. Birdsong, P. J., concurs in the judgment only. McMurray, P. J., Carley and Sognier, JJ., dissent.*

McMURRAY, Presiding Judge, dissenting.

"An essential element of the offense of obstruction of an officer is that the officer be engaged 'in the lawful discharge of his official duties.' [OCGA § 16-10-24.]" *Dixon v. State*, 154 Ga. App. 828 (1) (269 SE2d 909). I would hold that defendant's arrest was illegal and that consequently he was entitled to resist. Therefore, I respectfully dissent.

Defendant was in his home at the time he was directed to accompany Officer Whittington to receive a citation for violating the noise ordinance. "An arrest is complete whenever the liberty of a person to come and go as he pleases is restrained, even though the arresting officer does not expressly inform the person that he is under arrest." *Williams v. State*, 166 Ga. App. 798, 799 (1) (305 SE2d 489). "Restraint of one's liberty, no matter how slight, constitutes an arrest. *Clements v. State*, 226 Ga. 66 (2) (172 SE2d 600)." *Strong v. State*, 231 Ga. 514, 518 (202 SE2d 428). See also OCGA § 17-4-1; *Aguero v.*

*State*, 169 Ga. App. 462, 464 (2) (313 SE2d 735); *Tolbert v. Hicks*, 158 Ga. App. 642 (281 SE2d 368); *Collier v. State*, 244 Ga. 553, 561 (261 SE2d 364).

Defendant's presence in the public domain was involuntary, he was there only at the direction of the arresting police officer. Presence in the public domain under these circumstances cannot supply one of the elements of public drunkenness. *Marshall v. State*, 70 Ga. App. 106 (27 SE2d 702).

As to the alleged violation of a noise ordinance, we note that there was a complete failure of proof as to the language of the ordinance. Neither this court nor the trial court may take judicial notice of a local ordinance. *Dudley v. State*, 161 Ga. App. 310 (1) (287 SE2d 763). In the absence of any knowledge of the provisions of the local noise ordinance I would not hold that the officers possessed probable cause to arrest defendant for a violation thereof.

Furthermore, in regard to the authority for the arrest for violation of the unproven noise ordinance, the uncontradicted evidence is that Officer Guest was not the arresting officer. Neither of the other two officers, including Officer Whittington, the arresting officer, heard the offensive noise (loud stereo music). In the absence of a warrant or any personal knowledge of the misdemeanor offense Officer Whittington and Sergeant Harper were without authority to arrest defendant for violation of the noise ordinance. "[A] warrant is required for arrest when the offense is limited to violation of a municipal ordinance if the illegal conduct does not occur in the presence of the officer." *State v. Koon*, 133 Ga. App. 685, 688 (1) (211 SE2d 924).

Also, the arrest of defendant in his home without a warrant, without defendant's consent or exigent circumstances, was in violation of the Fourth Amendment. *Thompson v. State*, 248 Ga. 343 (1) (285 SE2d 685).

The citation for disorderly conduct apparently arises from the same conduct as that for which defendant was eventually prosecuted, that is, resisting arrest. We note in this regard that the evidence suggests no use of force by defendant beyond that directed towards obtaining his release. Where, as in the case sub judice, an arrest is not lawful, the person sought to be arrested has the right to resist. *Mullis v. State*, 196 Ga. 569, 579 (7) (27 SE2d 91). See also *Porter v. State*, 124 Ga. 297 (1) (52 SE 283). While defendant's conduct might have been described as impudent it was not such as to furnish justification for the deprivation of defendant's liberty. *Jenkins v. State*, 3 Ga. App. 146, 148 (59 SE 435).

Applying the test established in *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560), to the particular facts and circumstances of the case sub judice, and pursuant to *Humphrey v. State*, 252 Ga. 525, 527 (1) (314 SE2d 436), I would hold that the evidence

adduced at trial was not sufficient to enable a rational trier of fact to find the defendant guilty beyond a reasonable doubt of the offense of obstruction of a law enforcement officer in the lawful discharge of his official duties.

I am authorized to state that Judge Sognier joins in this dissent.

DECIDED JULY 15, 1985.

*Barry Hazen*, for appellant.
*Ralph Bowden, Jr., Solicitor, Henry Newkirk, Assistant Solicitor*, for appellee.